Michael Anthony MINOR, Appellant,

v.

The STATE of Texas, Appellee.

No. 645–83.

Court of Criminal Appeals of Texas,
En Banc.

Sept. 21, 1983.

David K. Chapman, San Antonio, for appellant.

Bill M. White, Dist. Atty. and Susan D. Reed and James L. Bruner, Asst. Dist. Attys., San Antonio, Robert Huttash, State's Atty., Austin, for the State.

## OPINION REFUSING APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

The opinions of the court of appeals, *Minor v. State*, 653 S.W.2d 349 (Tex.App.— San Antonio 1983), implicated our decision in *Combs v. State,* 643 S.W.2d 709 (Tex.Cr. App.1982). With some observations about matters discussed by Chief Justice Cadena in his thoughtful concurring opinion, we will refuse appellant's petition for discretionary review.

If noticed at all, the question he raises received scant public attention when amendments to the Judiciary Article of the Constitution were being considered. For instance, it was not mentioned by editors of the Texas Bar Journal nor addressed by recognized spokesmen for and against Senate Joint Resolution 36, Acts 1979, 66th Leg., p. 3223, Amendment No. 8 on the November 4, 1980 ballot. See Vol. 43, No. 9 Texas Bar Journal (October 1980) 908 ff.[1]

However, contemporaneously with the opinion of this Court in *White v. State,* 591 S.W.2d 851, 854–856 (Tex.Cr.App.1979) some likely to be affected by adoption and implementation of SJR 36 expressed private concerns over retention without qualification of the constitutional proviso "that the decision of said courts shall be conclusive on all questions of fact brought before them on appeal or error," Article 5, § 6. Apparently they were heard by legislative ears.

Though the provision pertaining to appellate jurisdiction of courts of appeals in § 6

1. Perhaps as a constitutional problem the matter was simply overlooked. For example, former Chief Justice Calvert discerned:

   "The change of real significance is in appellate court jurisdiction in criminal cases. Whereas appeals in all criminal cases are now to the Court of Criminal Appeals, only appeals in death sentence cases will be to the Court of Criminal Appeals if this amendment is adopted, and all others will be to the intermediate courts ... to be renamed Court of Appeals, with subsequent review by the Court of Criminal Appeals as may be provided by law." *Id.,* at 910.

   And in urging that time is of the essence, Chief Justice Calvert thought that after the amendment was adopted all that remained "to stop the overflow of cases to the Court of Criminal Appeals will be delineation by the regular session of the Legislature in 1971 of the respective jurisdictions of the courts of appeals and the Court of Criminal Appeals," *id.,* at 911.

   For his part, Honorable Henry Wade saw sound conceptual changes in the prospective roles of the respective appellate courts, *viz:*

   "The role of the Court of Criminal Appeals would be to fix or change policy and precedent. The role of the Courts of Appeals would be to apply those precedents to the record on appeal. Separating the precedent *making* function from the precedent *following* function is conceptually sound." (Original emphasis by Mr. Wade.)

   The opponents, James L. Branton, Esq. and Charles D. Butts, Esq., expressed concerns more about practical effects of the proposed changes than such technical matters now raised by Chief Justice Cadena. See *id.,* at 915–918.

   Not one of those distinguished advocates so much as hinted at the prospect of a conviction in a criminal case being set aside by a court of appeals upon a determination that the judgment "is so against the great weight and preponderance of the evidence as to be manifestly unjust—this regardless of whether the record contains some 'evidence of probative force' in support of the verdict." *In Re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 661 (1951). Indeed, given that understanding, one or more might well have switched sides.

had omitted "civil" from the clause "which shall extend to all *civil* cases of which the District Courts or County Courts have original or appellate jurisdiction," [2] the ubiquitous qualifying phrase "under such restrictions and regulations as may be prescribed by law" was retained. Accordingly, *inter alia,* Senate Bill 265, Acts 1981, 67th Leg., ch. 291, p. 781, § 39, took pains to modify Article 1820, V.A.C.S., to read:

> "The judgments of the Courts of Appeals *in civil cases* shall be conclusive in all cases on the facts of the case." [3]

In the same act the Legislature amended Article 4.01, V.A.C.C.P., to include among courts having jurisdiction in criminal actions "2. Courts of Appeals," and rewrote Article 4.03, *id.,* to provide, *inter alia:*

> "The Courts of Appeals shall have appellate jurisdiction ... in all criminal cases except those in which the death penalty has been assessed."

Neither those two changes nor any others in the code of criminal procedure allude to conclusiveness of judgments of courts of appeals on the facts of a criminal case. To the contrary, though Article 44.24(b) recognizes power of an appellate court to treat judgments of a trial court "as the law and nature of the case may require," and Article 44.25 notes that they may reverse judgments in a criminal action "upon the law as upon the facts," under Article 44.45, of course, this Court "may review decisions of the court of appeals" on its own motion or on a petition for discretionary review— without any prescribed limitation on its power to do so. See also Article 4.04, § 2.

From that statutory scheme of things devised in 1981, that the *Legislature* undertook to ensure that the proviso in § 6 is not applicable in criminal actions and cases appears evident. Indeed, the State's Brief on Petition for Discretionary Review in *Combs v. State,* supra, pointed to the modification of Article 1820, supra, and asserted as much throughout its brief.[4] Validity of that legislative undertaking was not challenged by appellant; he relied instead on Article 44.25 for the proposition that "any holding based upon facts of a case as well as law as found by the Court of Appeals would be binding upon the Court of Criminal Appeals," Brief, p. 6.

The opinion of this Court noted that "[i]f sufficiency of the evidence is a 'question of fact,' then the decisions of the Court of Appeals on sufficiency questions would appear to be binding on our Court," *Combs, id.,* 643 S.W.2d at 714. The majority alluded to Article 1820, as amended, but did not pause to consider its impact on judgments of courts of appeals in criminal cases, when combined with other changes made by Senate Bill 265 in 1981, collated *ante.* Thus, they still have not been construed by this Court, and the legislative effect in this respect remains an open question—one not raised in the instant case.[5]

The petition for discretionary review is refused.

---

2. All emphasis is added by the writer of this opinion unless otherwise indicated.

3. And concomitantly it inserted "in civil cases" in the first paragraph of Article 1821, so that it now provides that "the judgments of the Courts of Appeals *in civil cases* shall be conclusive on the law and facts ... in the following cases..."

4. Thus the State submitted that this Court retained its power to determine sufficiency of evidence in a criminal case, "this not being a matter which can be decided upon the weight and sufficiency of the evidence as in civil cases, but being one which must be decided in the

light most favorable to the verdict, ignoring all evidence to the contrary," and further contended that "the Court of Appeals has erred in straying from this well-established principle by substituting its own judgment of the weight and sufficiency of the evidence for that of the trial court and the jury." Brief, p. 10; also 13 and 14.

5. However, it is to be noted that the *Combs* majority could not perceive any standard to be utilized by a court of appeals in reviewing criminal convictions "other than sufficiency of the evidence to support the conviction," *id.,* at 716, n. 1.