John Edward HILL, Appellant,

v.

The STATE of Texas, Appellee.

No. 12–84–0039–CR.

Court of Appeals of Texas, Tyler.

March 21, 1985.

Frank Long, Asst. Dist. Atty., Sulphur Springs, for State.

Robert Rose, Dallas, for appellant.

COLLEY, Justice.

Hill appeals from an order revoking his probation. On June 17, 1981, Hill was convicted on his plea of guilty, based on a plea bargain agreement, of possession of marihuana. Punishment was assessed by the trial court at three years' confinement and a fine of $750. Imposition of sentence was suspended, and Hill was placed on probation for two years. On May 27, 1983, the State filed a motion to revoke Hill's probation, alleging as violations of the conditions of his probation (1) that he failed to report to the probation officer on the 15th day of the months of April and May 1983;[1] (2) that he failed to pay his probation fees due on the 15th day of February, April and May 1983; and (3) that he failed to pay installments of $38.82 due on the 15th day of February, April and May 1983 on the court costs and fine assessed. On July 1, 1983, the trial court revoked Hill's probation, finding that "[Hill] has violated the terms of his probation exactly as alleged in

the attached motion to revoke probation filed by the State of Texas." The trial court then imposed sentence of three years without mention of the fine.

Hill argues that the trial court abused its discretion in revoking his probation because the evidence is insufficient to support the trial court's finding that he had the ability to make the payments of fees and costs in question. Hill contends, in this connection, that while inability to pay is an affirmative defense, Hill's only burden was to fairly raise the issue of inability to pay the fees, whereupon the burden shifted to the State to prove that he intentionally failed to pay the same, citing inter alia *Ivy v. State*, 545 S.W.2d 827 (Tex.Cr. App.1977); *Whitehead v. State*, 556 S.W.2d 802 (Tex.Cr.App.1977). The cases cited by Hill were decided before the effective date of the 1977 amendments[2] to Article 42.12 sec. 8.[3] The State responds by arguing that the addition by the legislature of subsections 8(c) to Article 42.12 in 1977 rendered the decisions by the Court of Criminal Appeals, cited by Hill, inapplicable. Therefore, the State contends that it had no burden to prove that Hill's failure to pay the fees and costs was intentional, or that Hill had the ability to pay the same, citing *Jones v. State*, 589 S.W.2d 419 (Tex.Cr. App.1979). The State insists that while Hill's testimony (the only evidence presented by Hill) clearly raises the issue of his inability to pay the fees and costs in question, when this court reviews the evidence in a light most favorable to the trial court finding that Hill had the ability to make the payments, taking into account that the trial judge, as the trier of the fact, was entitled to disbelieve Hill's testimony respecting his inability to pay, that we should uphold the trial court's judgment and discretion and affirm the case. We reverse and remand.

1. Although the trial court found such allegation to be established by his order, no evidence was introduced to sustain such finding, and the State concedes in this appeal that the nonpayment of fees was the sole basis of the revocation order.

2. See Acts 1977, 65th Leg. ch. 342 § 2, 1977 Tex.Gen.Laws 909, repealed by Acts 1981, 67th

Leg. ch. 538 § 1, 1981 Tex.Gen.Laws 2246; Acts 1977, 65th Leg. ch. 388 § 2, 1977 Tex.Gen.Laws 1058, amended by Acts 1981, 67th Leg. ch. 538 § 2, 1981 Tex.Gen.Laws 2246.

3. All reference to articles are to TEX.CODE CRIM.PROC.ANN. unless otherwise indicated.

■ In this appeal our basic query is, did the trial court abuse its discretion in revoking Hill's probation? That question must be answered by us based on our careful examination of the evidence before the trial court at the time of the entry of the revocation order. In so doing, a troublesome problem arises which did not exist prior to the effective date of the 1977 amendments to Section 8 of Article 42.12 which cast on a probationer, the burden to raise and prove as an affirmative defense his inability to pay fees, costs, etc. It seems to us that Article 42.12 Section 8(c) TEX.CRIM. PROC.CODE ANN. (Vernon Supp.1985), and the decisions of the Court of Criminal Appeals rendered subsequent to the effective date of the 1977 amendments [4] to Section 8 of said article, compel our conclusion that the State no longer bears the burden to prove a defendant's inability to pay such fees, costs, fine, restitution, etc. *Jones v. State, supra; Champion v. State,* 590 S.W.2d 495, 498 (Tex.Cr.App.1979); *Watts v. State,* 645 S.W.2d 461, 463 (Tex.Cr.App. 1983). Clearly, before the amendments to Section 8, the State had the burden to prove a defendant's failure to pay, and that such failure was *intentional. Whitehead v. State, supra,* 556 S.W.2d 802, 805; *Curtis v. State,* 548 S.W.2d 57, 58 (Tex.Cr.App. 1977); *Fletcher v. State,* 547 S.W.2d 634, 636 (Tex.Cr.App.1977); *Herrington v. State,* 534 S.W.2d 331, 333–334 (Tex.Cr. App.1976).

■ As we view the statute and the case law construing the same, the State still has the burden to prove the alleged failure to pay fees, and when it does so, a prima facie case is made by the State. *Champion v. State, supra.*

**4.** The legislature enacted two subsections (c) to section 8 which were reconciled by the Court of Criminal Appeals in *Jones v. State, supra* (589 S.W.2d 419, 421), and quoted in footnote 1 of that opinion at pages 420, 421. The two 1977 versions of subsection (c) were combined by the 67th Leg. in 1981 into a single subsection (c) which in all respects is consistent with the construction applied by the court in *Jones. v. State, supra,* to the two subsections enacted in 1977.

It is interesting to note that the Fort Worth Court of Appeals in its holding in *Stanfield v. State,* 638 S.W.2d 127 (Tex. App.—Fort Worth 1982, pet. granted), despite the decisions in *Jones v. State, supra,* and *Champion v. State, supra,* relying on the language of the current (1981) version [5] of Section 8(c), held that since the State in *Stanfield* alleged and sought revocation of probation on grounds that Stanfield failed to pay probation fees *and* committed an offense (forgery), that Article 42.12 Section 8(c) was inapplicable, and therefore the State was required to prove that "[Stanfield] had the ability to pay and that he intentionally failed to pay." The court held that the State did not meet its burden and reversed the revocation order. The State filed a motion for rehearing asserting that the State had no burden to prove that nonpayment of fees by a probationer was intentional, citing in support thereof Section 8(c) of Article 42.12, *Jones v. State, supra,* and *Champion v. State, supra.* In both its original opinion and its opinion overruling the State's motion for rehearing, the *Stanfield* court distinguishes inability to pay (the defendant's burden) and intentional failure to pay (the State's burden) and concluded that the "long standing requirement that the State must prove that a probationer's failure to pay fees was *intentional* " still exists. (Emphasis in original.) The State's petition for discretionary review was granted by the Court of Criminal Appeals on October 27, 1982, but as of the date of this writing no disposition thereof has been made.

As the *Stanfield* court observes, the Court of Criminal Appeals has not yet addressed specifically the question of whether the affirmative defense imposed on a probationer by the provisions of Section

**5.** The 1981 version reads, in part:
"In a probation revocation hearing at which it is alleged only that the probationer violated the conditions of probation by failing to pay ... probation fees ... the inability of the probationer to pay as ordered by the court is an affirmative defense to revocation, which the probationer must prove by a preponderance of the evidence."

8(c) eliminates the former requirement made by the Court of Criminal Appeals that the State must prove a probationer's failure to pay fees was intentional. Likewise, unaddressed by the Court of Criminal Appeals is the nagging question if Section 8(c) is construed as eliminating such obligation of the State, will the statute withstand constitutional attack under the Due Process Clause of the United States Constitution. *See In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970); *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975). Because of our disposition of this matter on the evidentiary ground, we need not address the constitutional issue.

Hill's sole ground of error challenges the sufficiency of the evidence to support the adverse finding made by the trial judge on the issue of his ability to pay the fees and costs. Hill bore the burden of proof and persuasion on such issue. We construe the ground as contending that the finding of the trial court is so against the great weight and preponderance of the evidence as to be manifestly wrong and unjust. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660, 662 (1951); *see also* Calvert, "No Evidence" and "Insufficient Evidence" Points, 38 Tex.L.Rev. 361 (1960). We have jurisdiction to make such a determination by virtue of Article 5, Section 6 of the Texas Constitution.

At the revocation hearing, the State produced only one witness, Carl Dorrough, a Rains County probation officer. Hill alone testified in defense of the motion to revoke. Dorrough testified that Hill had not paid either his $15 probation fee or the $38.82 installment on costs and the fine due on the 15th day of the months of February, April and May 1983. Hill's testimony essentially admitted that he had not paid such sums on the dates mentioned. So the evidence is undisputed that Hill did not pay the fees and costs as required by the order of probation, and alleged by the State. Hill testified at length both on direct and cross-examination. His testimony shows that during the pertinent periods of time, that Hill was a married man and the father of three children; that he worked only one month during the months of February, March, April and May 1983; and that a pickup truck which was his only means of transportation was repossessed in May 1983 because he was unable to make the first three payments thereon due in February, March and April 1983. Hill also testified that his wife did not work and that he had no other source of income and received no food stamps during such period of time. Hill also testified that he had borrowed money from his brother-in-law to provide food for his family and that various other relatives brought groceries to him and his family. Hill's testimony shows that he owned an undivided one-fifth interest in 57 acres of land, improved with a frame house, located in Alba. Hill's testimony reveals that he and his wife and children resided in the frame house on such property and that such property constituted his residential homestead at all times material to the issues involved. At the time of the hearing below, Hill and his two brothers and two sisters attempted to sell the real estate at a price of $850 per acre, but had not been successful in the effort.

 The State in its brief argues that since it is undisputed that Hill owned the interest in the real estate, "that there was no reason such property could not be used as a basis for payment of the delinquent fees, fine and cost." We would quickly agree with the State's argument if the property had not been impressed with homestead character. Since it was, we judicially note that the law does not permit a lien to be fixed against homestead property to secure payment of personal loans as suggested by the State. Moreover, we also judicially know that a cotenant in most instances encounters difficulty when attempting to sell small undivided interests in real property. Furthermore, the record shows that Hill and his siblings had been attempting for several months to sell the property without success.

Applying the standards of review of the evidence in accordance with the pronounce-

ment of *In re King's Estate, supra,* i.e., considering all the evidence, both favorable and unfavorable to the finding, we conclude that the trial court's finding that Hill had the ability to pay in timely fashion the fees and costs is so contrary to the great weight and preponderance of the evidence as to be manifestly wrong and unjust.[6] The trial court abused its discretion in revoking Hill's probation.

The revocation order is reversed, and the cause is remanded.

---

6. *See, Schuessler v. State,* 647 S.W.2d 742, 748, 749 (Tex.App.—El Paso 1983, pet. granted), in which the same standard of review was applied

in a case involving the affirmative defense of insanity.