**Johnny Edward HILL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 495–85.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 5, 1986.

Robert M. Rose, Dallas, for appellant.

James L. Chapman, Dist. Atty. & J. Frank Long, Asst. Dist. Atty., Sulphur Springs, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON STATE'S PETITION FOR
DISCRETIONARY REVIEW

MILLER, Judge.

On June 17, 1981, appellant was convicted on his plea of guilty, pursuant to a plea bargain, of possession of marihuana. The trial court assessed punishment at three years confinement and a fine of $750.00. Imposition of the sentence was suspended, however, and appellant was placed on probation for two years. Included in the Probation Order were the following requirements:

"(h) 1. Pay a probation supervisory fee of $15.00 per month to the probation officer of this court on or before the 15th day of each month during the period of probation beginning with the month immediately following the month you were placed on probation.

2. Pay the fine assessed as stated above and court costs of $86.00 through the probation office of this court at the rate of $38.82 per month with the first payment to be paid on or before the 15th day of the month following the date of this order.…"

On July 12, 1982, the State filed a motion to revoke probation, alleging that appellant had violated his probation by: (1) failing to report to the probation officer on the 15th day of the month in June, 1982; (2) failing to pay his probation fees for three months; (3) failure to make the regular installments in payment of the $750.00 fine assessed and court costs incurred; and (4) leaving the county without permission from his probation officer. On July 16, 1982, the State filed a motion to dismiss the original motion to revoke probation. The trial court dismissed the motion to revoke that same day.

On May 27, 1983, the State filed another motion to revoke appellant's probation alleging that he had: (1) failed to report to his probation officer in April and May, 1983; (2) failed to pay his monthly probation supervisory fee; and (3) failed to pay the $38.82 monthly fine and cost installment.

On July 1, 1983, the trial court held a hearing on the State's motion to revoke probation. At that time, the State moved to strike the first allegation in the motion to revoke. Appellant made no objection, and the trial court struck the failure to report allegation. The State called Carl Dorrough, the probation officer for Rains County. Dorrough testified that he had gone over the fee, fine and court costs as conditions of probation with appellant, who understood his obligations. He also stated that the records showed that appellant had not made the required payments. The State called no further witnesses.

Appellant took the stand in his own defense and admitted that he had not made the required payments. He also testified that he was a married man, with three children to support. He had worked only one month between February and May of 1983, and his wife was not employed. His pickup truck, and only means of transportation, was repossessed in May 1983 because he was unable to make the first three payments due in February, March and April 1983. He had no other source of income, and did not receive food-stamps during the relevant time period. Hill testified that he had borrowed money from his brother-in-law to buy food for his family, and other relatives had brought groceries for him and his family. He also testified that he owned an undivided one-fifth interest in 57 acres of land, improved with a frame house which was used as homestead' by him and his family. He and his brother and sisters had attempted to sell the real estate, but were not successful.

On the day of the hearing, July 1, 1983, the trial court revoked appellant's probation, finding that appellant had violated conditions (h)(1) and (2) of the order of probation. The trial court then sentenced appellant to three years in prison. No fine was imposed.

Appellant appealed the probation revocation to the Twelfth Court of Appeals, alleging that the evidence was insufficient to support the trial court's finding that he had the ability to pay the fees and costs in

question. The Court of Appeals, 718 S.W. 2d 751, construed appellant's ground as an assertion that the trial court's finding was against the great weight and preponderance of the evidence. It noted that at the hearing, the State produced only one witness, who testified that appellant had not paid the required fees and costs when they became due. Appellant testified and admitted that he did not make the required payments, but also stated that he was unable to do so. The Court of Appeals applied the standard of review of the evidence as set forth in *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (Tex.1951), concluded that the trial court's finding that appellant had the ability to pay was "so contrary to the great weight and preponderance of the evidence as to be manifestly wrong and unjust," *Hill*, supra at 754, and reversed the conviction. The State petitioned this Court for discretionary review to consider whether the Court of Appeals erred in using the preceding standard to evaluate the evidence.

In order to dispose of the State's contentions, we must first determine what law applied to the hearing with regard to burden of proof. We may then ascertain and apply the proper standard of review, and determine whether the Court of Appeals erred.

Article 42.12, § 8(c) provides that:

"In a probation revocation hearing at which it is alleged only that the probationer violated the conditions of probation by failing to pay compensation paid to appointed counsel, probation fees, court costs, restitution, or reparations, the inability of the probationer to pay as ordered by the court is an affirmative defense to revocation, which the probationer must prove by a preponderance of evidence."

 In the case at bar, the initial revocation petition alleged that appellant had failed to report to his probation officer, and had failed to make required payments toward his probation fees, court costs and fine assessment. Prior to presentation of evidence, however, the State waived and abandoned the only non-monetary allegation in its motion to revoke. Appellant did not object to the waiver, and the trial court struck the allegation from the motion. Thus, the State proceeded only on the allegations regarding appellant's failure to pay the required fees, fines and costs. *See Bowen v. State*, 649 S.W.2d 384 (Tex.App. —Fort Worth, 1983, pet. ref'd). Appellant's inability to pay, therefore, was an affirmative defense to revocation of probation which he was required to prove by a preponderance of the evidence. See *Stanfield v. State*, 718 S.W.2d 734 (Tex.Cr.App. 1986) (opinion on State's Motion for Rehearing); and *Bowen*, supra.

Now that we have determined the proper burden of proof to apply, we may next address the relevant standard of review. In *Van Guilder v. State*, 709 S.W.2d 178 (Tex.Cr.App.1985), *cert. denied* —— U.S. ——, 106 S.Ct. 2891, 90 L.Ed.2d 978 (1986) we held that the Texas Constitution and the Code of Criminal Procedure did not confer jurisdiction on the Courts of Appeals to consider great weight and preponderance of the evidence fact questions in cases involving the affirmative defense of insanity. Judge W.C. Davis, writing for the Court, stated:

"... in reviewing a case involving an affirmative defense, the court of appeals must review the evidence on the affirmative defense by looking at the evidence in the light most favorable to the implicit finding by the jury with respect to such affirmative defense and then determine, by examining all the evidence concerning the affirmative defense, if any rational trier of fact could have found that the defendant failed to prove his defense by a preponderance of the evidence. The court of appeals is limited in its review using this preponderance standard to evidence submitted on the issue of the affirmative defense in question.... It is important to note that this analysis does not involve the appellate court in any fact finding function. The test evaluates the legal sufficiency of the evidence us-

ing a legal standard. There must be no reweighing or reclassifying of the evidence by the appellate court."

*Id.* at 181. In *Van Guilder,* the State failed to present any evidence to rebut the defendant's claim of insanity at the time of the evidence. This Court held that no rational trier of fact could have found that the defendant had failed to prove her affirmative defense by a preponderance of the evidence, and reversed the judgment of the trial court.

■ In its review of the instant case, the Court of Appeals considered the trial court's judgment to be against the great weight and preponderance of the evidence. Since our decision in *Van Guilder,* supra, disapproves appellate use of this standard, the Court of Appeals erred in its disposition of appellant's claims. We must, therefore, remand the case to the Court of Appeals for reconsideration of the record under the proper standard of review, as set forth in *Van Guilder,* supra. See *Baker v. State,* 707 S.W.2d 893 (Tex.Cr.App.1986). We express no opinion as to the merits of appellant's claims.

CLINTON, Judge, dissenting.

The Court rightly finds that ability to pay is an affirmative defense which this probationer had to prove by a preponderance of evidence. On rehearing in *Stanfield v. State,* 718 S.W.2d 734 (Tex.Cr.App. 1986) the Court held that when failure to pay probation fees, court costs and the like is an issue in a revocation hearing, § 8(c) is applicable *"regardless of whether a violation of another condition is alleged."* [1]

Turning to "the relevant standard for review" of evidence pertaining to an affirmative defense, the majority looks to *Van Guilder v. State,* 709 S.W.2d 178 (Tex. Cr.App.1985), and finds that it established two propositions: first, "that the Texas Constitution and the Code of Criminal Procedure did not confer jurisdiction on the Courts of Appeals to consider great weight and preponderance of the evidence fact

questions in cases involving the affirmative defense of insanity;" second, that the ultimate determination of sufficiency of evidence to support any affirmative defense is whether "any rational trier of fact could have found that the defendant failed to prove his defense by a preponderance of the evidence."

Regarding the second proposition, my dissenting opinion in *Schuessler v. State,* 719 S.W.2d 320 (Tex.Cr.App.1986), demonstrates to the satisfaction of some of us that with respect to an affirmative defense "the standard of review" pronounced by *Van Guilder* is "based on a faulty premise and is, therefore, erroneous," in that "whatever standard governs appellate review of that determination is not controlled by the Due Process Clause nor required by *Jackson* [*v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) ]." Adhering to those conclusions, I pretermit further discussion of the second proposition advanced by the majority.

Returning to the first, *Van Guilder* similarly chooses inapposite decisions to bolster its analysis, including *Combs v. State,* 643 S.W.2d 709 (Tex.Cr.App.1982). There the Court found it "must decide whether *our Court* has jurisdiction to review sufficiency questions once they have been passed on by the Courts of Appeals." *Id.* at 714. Reviewing first authorities explaining Texas doctrines of "no evidence" and "insufficient evidence" in civil practice, *id.,* at 714–716, and then authorities on the criminal side, including *Jackson v. Virginia,* supra, providing standards for reviewing "sufficiency of the evidence" to support a verdict of guilty, *id.,* at 716–717, the majority concluded:

"Thus, sufficiency of the evidence *to sustain criminal convictions* as determined by *this Court* is a question of law under both state and federal standards. It is not a 'question of fact' under Art. 5, Sec. 6, of the Texas Constitution. We conclude that *this Court* has jurisdiction to review the sufficiency of the evidence

---

1. All emphasis throughout is mine unless otherwise indicated.

to support a conviction even though that question has been addressed by the Courts of Appeals."

*Id.*, at 717.

That *Van Guilder* did misread *Combs* is shown by the pains this Court took in *Minor v. State,* 657 S.W.2d 811 (Tex.Cr.App. 1983), to point out the "statutory scheme of things devised in 1981" made changes in former law that were not considered in *Combs,* and then purposefully and expressly to declare that *Combs* did *not* decide that which *Van Guilder* says it did, *viz:*

"The opinion of this Court noted that '[i]f sufficiency of the evidence is a "question of fact," then the decisions of the Court of Appeals would be binding on our Court,' *Combs, id.,* 643 S.W.2d at 714. The majority alluded to Article 1820, as amended, but did not pause to consider its impact on judgments of courts of appeals in criminal cases, when combined with other changes made by Senate Bill 265 in 1981, collated *ante.* Thus, they still have not been construed by this Court, and *the legislative effect in this respect remains an open question*—one not raised in the instant case."

Therefore, *Van Guilder* does indeed wrongly attribute to *Combs* a holding that "the due process standard reviewing proof beyond a reasonable doubt, created in *Jackson,* supra, *must be used* by the court of appeals in reviewing criminal cases." As shown above, *Combs* decided that *this* Court has jurisdiction to review "evidentiary sufficiency" to support a conviction, without delineating a standard of review that "must be used" by courts of appeals on direct appeal.

Focusing as it did on *Jackson v. Virginia, Wilson v. State,* 654 S.W.2d 465 (Tex. Cr.App.1983) and *Combs,* the *Van Guilder* majority did not notice *Tibbs v. Florida,*

457 U.S. 31, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982). Much like we stated in *Wilson,* supra, at 471, that "due process requirements [are] based expressly on the Fourteenth Amendment[,] are binding on the states and constitute *a minimum standard for our sustaining a conviction,"* the *Tibbs* majority viewed *Jackson v. Virginia* as "setting a lower limit on an appellate court's definition of evidentiary sufficiency," *id.,* 457 U.S. at 45, 102 S.Ct. at 2220. Therefore, permitting a reversal on a finding that a guilty verdict is against the great weight and preponderance of evidence "will not undermine *Burks* [*v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978)]." *Ibid.* Since an appellant seeks review on that basis, it follows that appellate assay of great weight and preponderance of evidence is not violative of the Due Process Clause.

Furthermore, *Combs* involved sufficiency of evidence to prove an element of the offense, namely, cause of death. *Id.,* at 714. Neither *Combs* nor *Minor v. State,* 653 S.W.2d 349 (Tex.App.—San Antonio 1983), PDR refused, 657 S.W.2d 811 (Tex. Cr.App.1983) (sufficiency to show accused shot deceased), are concerned with sufficiency of evidence relating to an affirmative defense.

*Van Guilder* also opines, "There appears to be substantial confusion in the Courts of Appeals over the proper standard for review in criminal cases." *Id.,* at 180.[2] Instead, I suggest respectfully that the source of confusion is a failure to understand and appreciate that *Jackson v. Virginia* lays down a due process standard of review which must be applied in order to sustain a verdict of guilty, whereas *Tibbs v. Florida* finds federal constitutional constraints are not implicated in and, therefore, approves a *state* standard of review

---

**2.** From a near unanimity of recent opinions coming to our attention, however, those courts are reading the proviso in Article V, § 6 as they always have in civil cases and applying it to criminal cases as well, particularly to affirmative defenses. See, e.g., *Combs v. State,* 631 S.W.2d 534, 537–538 (Tex.App.—Houston [1st] 1982); *Minor v. State,* supra (Concurring opin-

ion); *Schuessler v. State,* 647 S.W.2d 742 (Tex. App.—El Paso 1983); *Arnold v. State,* (Tex.App. —Corpus Christi 1984, unpublished); *Van Guilder v. State,* 674 S.W.2d 915 (Tex.App.—San Antonio 1984); *Baker v. State,* 682 S.W.2d 701 (Tex.App.—Houston [1st] 1984); *Hill v. State,* 718 S.W.2d 751 (Tex.App.—Tyler 1985), the instant cause.

which authorizes a state appellate court to *reverse* a conviction and remand the cause. Put another way, the Due Process Clause prohibits affirming a conviction unless the standard of *Jackson v. Virginia* is satisfied, but neither it nor the Double Jeopardy Clause bars a state appellate court from reversing a conviction if the verdict or finding of guilty is found to be against the great weight and preponderance of evidence.

All of which is to make the point that *Van Guilder* rests on unsound grounds and before remanding another cause for reconsideration in light of *Van Guilder,* as in *Baker,* we should remove its underpinnings in order to "formulate a proper test," especially for appellate review of sufficiency of evidence pertaining to an affirmative defense. *Schuessler,* supra (Dissenting opinion).

To make matters worse, in the instant revocation case, the burden of proving intentional nonpayment by a preponderance of evidence rather than beyond a reasonable doubt is on the State, *Stanfield v. State,* 718 S.W.2d 734 (Tex.Cr.App.1986); inability to pay does not necessarily mean unintentional failure to pay, so to remand the cause for a determination of whether "any rational trier of fact could have found that he failed to prove his defense [of inability to pay] by a preponderance of the evidence" without first determining whether the State carried its burden of proof in any event serves only to demonstrate how vacuous *Van Guilder* truly is.

Because the majority persists in compounding the errors of *Van Guilder,* I respectfully dissent.

ONION, P.J., and McCORMICK, J., join.