Wilson-TA v. State 
















IN THE
TENTH COURT OF APPEALS
 

No. 10-93-113-CR

     THELMA A. WILSON,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the County Court at Law No. 2
 Fort Bend County, Texas
Trial Court # 45,850
                                                                                                    

O P I N I O N
                                                                                                    

      The court found that Thelma Wilson violated the conditions of her probation and sentenced
her to fourteen days confinement in the county jail. In two points of error, she claims that the
evidence was insufficient to support the rejection of her affirmative defense of inability to pay. 
We affirm the judgment.
            Following a hearing on the State's motion to revoke probation, the court found that
Wilson had violated the conditions of probation by failing to complete 140 hours of community
service and failing to complete an alcohol and drug abuse program. Wilson claimed that she had
performed 70 of the 140 hours of community service. She admitted that she had not attended the
alcohol and drug abuse program. However, she claimed that she failed to comply with these
conditions because she did not have sufficient funds to pay for a baby sitter for her two-year-old
grandson while she was preforming the community service or for the registration fee for the
alcohol and drug program. 
      Wilson relies on section 24(b) of the Adult Probation Act as authority for establishing the
availability of the affirmative defense in her situation: 
In a probation revocation hearing at which it is alleged only that the probationer
violated the conditions of probation by failing to pay compensation paid to
appointed counsel, probation fees, court costs, restitution, or reparations, the
inability of the probationer to pay as ordered by the court is an affirmative
defense to revocation, which the probationer must prove by a preponderance of
evidence.
See Tex. Code Crim. Proc. Ann. art. 42.12, § 24(b) (Vernon Supp. 1993).


 The State maintains
that section 24(b) does not apply when the defendant is unable to pay costs associated with non-monetary conditions of probation. We need not decide this issue in this case.
      Assuming, without deciding, that section 24(b) applies, we will examine the evidence to
determine "if any rational trier of fact could have found that the defendant failed to prove [her]
defense by a preponderance of the evidence." See Hill v. State, 719 S.W.2d 199, 201 (Tex. Crim.
App. 1986). We need only examine the evidence in regard to one of the violations because proof
of either is sufficient to support the order revoking probation. See Moses v. State, 590 S.W.2d
469, 470 (Tex. Crim. App. [Panel Op.] 1979). Additionally, we need only consider the
sufficiency of the evidence to support rejection of her affirmative defense because Wilson has not
challenged the evidence supporting the court's finding that she violated the conditions of her
probation or the court's exercise of its discretion in revoking her probation.
      Wilson was originally sentenced on February 11, 1991, to twenty-four months probation after
being convicted of driving while intoxicated. The conditions of probation required her to
"participate in an Alcohol and Drug Abuse program . . . to be completed before the 181st day
from this date." The condition included the requirement that she pay the $65 tuition fee for the
program. 
      The State filed its motion to revoke probation on February 10, 1993, alleging that Wilson
violated the conditions of probation by "fail[ing] to complete the alcohol and drug abuse program
as directed." Because the condition expressly included a time limit, the relevant time period to
examine is the 181 days after her conviction, i.e., February 11 through August 11, 1991.
      Wilson testified that she was employed at the time of her conviction through June 1992. Her
initial salary was $1,700 a month but, at some point during this period, her salary was cut to
$1,200 a month. She testified that her monthly expense were approximately $720 a month plus
food, clothing and medical expenses for herself, two of her children, a grandchild and a live-in
boyfriend. She also was making payments on a car during an unspecified portion of this period. 
      Kimberly Hubbs, a Fort Bend community corrections officer, testified for the State. In
response to cross-examination, she stated that the alcohol and drug abuse program was not
available free of charge "unless there have been arrangements made." 
      As already noted, the relevant period of time is between February 11 and August 11 of 1991. 
Wilson's testimony establishes that she was employed during this entire period of time at a
monthly salary of $1,200 or $1,700. She failed to produce evidence establishing her total costs
per month during the relevant time period and failed to provide the fact-finder with a time frame
for determining when her salary was reduced. The trial court, as the fact finder, was free to reject
or accept any portion or all of any witness' testimony. See Adelman v. State, 828 S.W.2d 418,
421 (Tex. Crim. App. 1992). In short, Wilson failed to produce sufficient evidence to support
any definite conclusion regarding her financial status during the relevant time period.
      The evidence also demonstrates that the alcohol and drug abuse program was available for free
if Wilson did not have the ability to pay for it out of her monthly income. 
      We conclude that this evidence is sufficient for a rational trier of fact to find that Wilson failed
to establish her inability to pay for the alcohol and drug abuse program by a preponderance of the
evidence. Wilson does not challenge the sufficiency of the evidence to support the court's
decision to revoke or the court's exercise of its discretion in revoking her probation. Because
there is sufficient evidence to support the trial court's rejection of Wilson's defense on one of the
grounds of revocation, the order must be upheld. See Moses, 590 S.W.2d at 470.
      The judgment is affirmed.
 
                                                                                 BOB L. THOMAS
                                                                                 Chief Justice

Before Chief Justice Thomas,
          Justice Cummings, and
          Justice Vance
Affirmed
Opinion delivered and filed March 16, 1994
Do not publish