Affirmed and Memorandum Opinion filed March 13, 2003









Affirmed
and Memorandum Opinion filed March 13, 2003.

 

 

 

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-02-00289-CR

____________

 

KEVIN BURTON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On
Appeal from the 272nd District Court

Brazos County, Texas

Trial
Court Cause No. 20,875-272

 



 

M
E M O R A N D U M   O P I N I O N

This
is an appeal from a revocation of probation. 
In two points of error, appellant complains (1) the evidence is
insufficient to establish that appellant violated the terms and conditions of
his probation and (2) the trial court erred in admitting evidence of appellant=s
prior bad acts. We affirm.

Factual
and Procedural Background








On
March 12, 1992, appellant pleaded guilty to the felony offense of possession of
a controlled substance and was sentenced to ten years=
confinement (probated for eight years), a $500.00 fine, and 300 hours of
community service.  Over the course of
appellant=s probation, the State filed several motions to revoke alleging
failure to comply with various probation terms and conditions.  The first two motions to revoke were
dismissed after appellant=s conditions of probation were modified to extend his term of
probation by one year.  Appellant was
also required to complete an additional eighty hours of community service at
the rate of eight hours per month.  The
third motion to revoke probation, which forms the basis of this appeal, alleged
that appellant failed to pay his fine, court costs, attorneys=
fees and supervision fees and that he failed to perform the eighty hours of
community service noted above.  Following
a hearing, the trial court found appellant had violated his probation and
sentenced him to seven years= incarceration.

Standard
of Review

An
order revoking probation must be supported by a preponderance of the
evidence.  Scamardo
v. State, 517 S.W.2d 293, 298 (Tex. Crim. App.
1974).  The greater weight of the
credible evidence must create a reasonable belief that the defendant has
violated a condition of his probation.  Id.  When the sufficiency of the evidence is
challenged, the evidence is viewed in the light most favorable to the trial
court=s
findings.  Garrett v. State, 619
S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981); Montoya
v. State, 832 S.W.2d 138, 140 (Tex. App.CFort Worth 1992, no pet.). 
The trial court is the sole judge of the credibility of the witnesses
and  the weight to be given their
testimony.  Naquin v. State, 607
S.W.2d 583, 586 (Tex. Crim. App. [Panel Op.]
1980).  Appellate review of an order
revoking probation is limited to a determination of whether the trial court
abused its discretion.  Flournoy v. State, 589 S.W.2d 705, 709 (Tex. Crim. App. [Panel Op.] 1979).

Sufficiency
of the Evidence

In
his first point of error, appellant contends the trial court erred in revoking
his probation because the State failed to prove the allegations in its motion
to revoke. Specifically, he claims the State failed to prove that he did not
complete his court-ordered community service and failed to prove that appellant
had the ability to pay his fines and costs.








For
the State to meet its burden in a revocation proceeding, proof by a
preponderance of the evidence on any one of the alleged violations of the
conditions of probation is sufficient.  Rodriquez
v. State, 2 S.W.3d 744, 746 (Tex. App.CHouston [14th Dist.] 1999, no pet.) (citing Sanchez v. State,
603 S.W.2d 869, 871 (Tex. Crim. App. 1980)).  Thus when several violations are found by the
trial court, the order revoking probation must be affirmed if the proof of any
allegation is sufficient. Id. 

Here,
the order modifying the conditions of probation required appellant to A[p]erform 80 hours of community service in the Brazos CORPS
Project, said community service shall be performed at a rate of eight hours per
month, beginning in the month next following entry of this order.@  Appellant first asserts there is no evidence
that he was ever referred to the Brazos CORPS Project.  However, contrary to appellant=s
assertion, the probation officer testified that appellant had not performed any
of the 80 hours of community service ordered despite several Areferrals@
having been made.  He also stated that
appellant offered no excuse or reason for failing to complete the hours.  In fact, appellant admitted he had not
completed his community service; his excuse was that he wanted to complete all
of his service at one time.  We find the
record supports the trial court=s finding that appellant failed to comply with the terms of his
probation.

In
addition, we find the State proved by a preponderance of the evidence that
appellant intentionally failed to pay his fines and court costs.  Appellant contends that because he was unable
to pay his fines, court costs, and probation fees, his failure to pay is not a
valid ground for revoking his probation.








The
inability to pay required costs is an Aaffirmative defense to revocation that the defendant must raise
and prove by a preponderance of the evidence.@  Lee v. State,
952 S.W.2d 894, 901 (Tex. App.CDallas 1997, no pet.); see also Hill v. State, 719
S.W.2d 199, 201 (Tex. Crim. App. 1986).  Once the appellant raises this defense, the
State must prove the failure to pay these fines was intentional.  Stanfield v. State, 718 S.W.2d 734,
738 (Tex. Crim. App. 1986).  If the appellant has the ability to pay, but
does not, there is a strong presumption that appellant=s
failure to pay is intentional.  Hill,
719 S.W.2d at 201.  The appellate court
views the evidence in the light most favorable to the verdict.  Jones v. State, 589 S.W.2d 419, 421
(Tex. Crim. App. [Panel Op.] 1979).

At
the hearing, the probation officer testified that, although appellant was
gainfully employed throughout the majority of the time he was on
probation, he did not make the required monthly payments and was over $3,000.00
in arrears.  In addition to gainful
employment, the record also shows that appellant received worker=s
compensation of approximately $160.00 a week after an on-the-job injury and
still made little effort to pay his required fines and costs.  Appellant testified that he Adid
the best he could@ but had a family to support and could not make the required
$50.00 monthly payments.  We find the
evidence was sufficient for the trial court to presume appellant=s
failure to pay was intentional.  Because
there is sufficient evidence to support the trial court=s
findings that appellant violated the terms and conditions of his probation, we
overrule appellant=s first point of error.

                                                Extraneous
Offenses








Appellant=s
second point of error states AThe trial court erred in considering irrelevant evidence and in
punishing the appellant for general criminality.@  In essence, appellant
complains that the trial court erred in admitting evidence of extraneous
offenses.  The purpose for a
probation-revocation hearing is not to determine guilt or innocence.  Duke v. State, 2 S.W.3d 512, 516 (Tex.
App.CSan
Antonio 1999, no pet.).  Rather, the
trial court is determining whether the defendant broke his or her promise with
the court and, if so, the punishment to be assessed.  Id.  The law is clear that at a punishment hearing A[r]egardless of the plea and whether the punishment be
assessed by the judge or the jury, evidence may be offered by the state and the
defendant as to any matter the court deems relevant.@  Tex.
Code Crim. Proc. Ann. art. 37.07, ' 3(a) (Vernon Supp. 2003). 
One purpose of this statute is for the factfinder
to discover as much relevant information as possible about the defendant before
assessing punishment.  See Arthur v.
State, 11 S.W.3d 386, 392 (Tex. App.CHouston [14th Dist.] 2000, pet. ref=d).  This article encourages Atruth
in sentencing@ by opening the doors to all relevant evidence in the
punishment phase.  Peters v. State,
31 S.W.3d 704, 716B17 (Tex. App.CHouston [1st Dist.] 2000, pet. ref=d).  

Here,
appellant argues evidence regarding prior bad acts and evidence of any
prior  probation violations is irrelevant
and should have been excluded.  Appellant
objected twice to the evidence, and both times the trial court admitted the
evidence.[1]  Because this information was admissible to
assist the trial court in assessing an appropriate punishment, the trial court
did not err by allowing the testimony in evidence.

Finally,
appellant complains that the trial court erred in revoking his probation Aas
an example to terrorize other probationers.@  In support of this
assertion, appellant points to the following comments made by the trial court
at the end of the hearing:  ABut
one thing you need to understand B or I hope I can try and make you understand, is that I have to
consider not just your case, but I have to consider the picture painted on the
broader canvas.@ However, appellant fails to include the trial court=s
full comments.  The trial court also
stated, AAnd
I recognize each case has to be taken on a case-by-case basis, but I=m
looking at this file, and it=s a lengthy file.  There
is substantial history, substantial involvement with the Court previously.@  There is nothing about the judge=s
comments that indicate he revoked appellant=s probation based upon anything other than the evidence
introduced at the hearing. 

In conclusion, having found
the trial court did not err in overruling appellant=s
objections to the evidence, and having found sufficient evidence to support the
trial court=s findings that
appellant violated the terms and conditions of his probation, we overrule
appellant=s points of
error and affirm the judgment of the trial court.

 

 

/s/        Leslie
Brock Yates

Justice

 








Judgment rendered and Memorandum Opinion
filed March 13, 2003.

Panel consists of Chief Justice Brister, Justices Yates and Hudson.

Do Not Publish C
Tex. R. App. P. 47.2(b). 

 

 











[1]  Appellant
first objected when the State asked the probation officer the purpose of
modifying appellant=s probation. 
Second, the State asked the probation officer whether appellant admitted
smoking $50.00 worth of crack cocaine after a fight with appellant=s wife.