**Jerry Floyd O'NEIL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14-81-267-CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 12, 1982.

Moe Sanchez, Houston, for appellant.

John B. Holmes, Dist. Atty., Houston, for appellee.

Before MILLER, MORSE and JAMES, JJ.

MORSE, Justice.

This is an appeal from a conviction for murder. Upon trial to a jury, appellant was found guilty and punishment, enhanced by a prior conviction for burglary, was set at life imprisonment in the Texas Department of Corrections. Having found no error, we affirm the judgment of the trial court.

Appellant has come before this court with four grounds of error. In his first three grounds of error, appellant contends that the trial court erred in failing to impanel a jury to determine his competency to stand trial.

The record indicates that appellant was indicted for murder and on August 20, 1980, his attorney filed a motion for a psychiatric examination. This motion was granted by the trial court and appellant was examined by Dr. John Nottingham on September 22. In his report which was filed with the court on October 14, Dr. Nottingham concluded:

There is no evidence of a degree of mental defect nor a disease of the mind that would interfere with this individual's ability to consult with his attorney in the preparation of his defense. It is felt that he does have a rational as well as factual understanding of the proceedings against him and is therefore felt to be competent to stand trial.

Several months later, counsel for appellant filed a second motion for a psychiatric examination which was also granted by the trial court. Appellant was examined for a second time by Dr. Nottingham and was once again determined to be competent to stand trial. Appellant's attorney stated that he did not request a competency hearing prior to trial due to the fact that the psychiatrist's reports were against him.

At the start of the trial, prior to the reading of the indictment, Mr. O'Neil was called by the defense to testify outside the hearing of the jury. After patient, repeated questioning by his attorney, appellant testified that he understood that the state had offered him a sentence of 25 years in exchange for a plea of guilty and that he understood the possible range of punishment to which he was subject if found guilty upon trial of the case. Mr. O'Neil repeatedly insisted on pleading "not guilty" and after his attorney recommended that he take the 25 year offer, Mr. O'Neil stated, "I understand what you said, but I plead not guilty. I'm not guilty."

During the trial, after the state had rested, the defense called as a witness appellant's great aunt who testified that appellant was "forgetful" and that he had a "mental problem." The defense also called another aunt who testified that appellant was "crazy." These characterizations did not relate to the statutory test of incompetency to stand trial as set out in Tex.Code Crim.Proc.Ann. art. 46.02 § 1 (Vernon 1979), under which competency is presumed. The jury was then removed and thereafter, appellant's counsel took the stand and testified in the words of the statutory test that appellant was not competent to stand trial and requested that the court hold a competency hearing at that time. After listening to the argument of counsel out of the presence of the jury, and with no showing of change or deterioration in appellant's mental competency during the course of trial being made or attempted, determined that

there was not sufficient evidence to impanel a separate jury to determine appellant's competency under art 46.02 § 4(a). The jury was then brought back into the courtroom and appellant took the stand. During his testimony, appellant denied that he was charged with a crime or that he was present at the scene of the offense. Appellant did not remember the testimony of the other witnesses and denied knowing who his lawyer was. After the jury retired to deliberate, the trial judge once again addressed the question of appellant's competency. The court stated for the record that a hearing on the question of appellant's competency was had during the trial and that "[i]t is the Court's ruling it was now [sic] and still is that there wasn't sufficient evidence to have a competency hearing on the defendant to stand trial." Shortly thereafter, the jury returned with a verdict of guilty.

The procedure for raising the issue of incompetency of the accused to stand trial is set out in Art. 46.02 § 2, which states:

Sec. 2. (a) The issue of the defendant's incompetency to stand trial shall be determined in advance of the trial on the merits if the court determines there is evidence to support a finding of incompetency to stand trial on its own motion or on written motion by the defendant or his counsel filed prior to the date set for trial on the merits asserting that the defendant is incompetent to stand trial.

(b) If during the trial evidence of the defendant's incompetency is brought to the attention of the court from any source, the court must conduct a hearing out of the presence of the jury to determine whether or not there is evidence to support a finding of incompetency to stand trial.

The issue before us is whether the trial court erred in failing to impanel a jury for the purpose of determining appellant's competency to stand trial. In *Johnson v. State,* 564 S.W.2d 707 (Tex.Cr.App.1977), the Texas Court of Criminal Appeals set forth the standard to be used by the trial judge in deciding whether to interrupt a trial on the merits in order to hold a Article 46.02

§ 2(b) competency hearing. The court stated:

An interpretation of Article 46.02(2)(b) to mean that any evidence will be sufficient to require a halting of proceedings and a separate determination on competency would produce unreasonable results not anticipated by the Legislature. Such a construction necessitates that a judge conduct a competency hearing on the basis of even the most insubstantial and inconsequential evidence and where no reasonable grounds exists for him to doubt the present mental capacity of the accused. The burden thus thrust upon trial courts, and the potential for abuse of the statute by defendants feigning mental illness, is evident. We do not believe the Legislature intended to mandate such an interruption of a trial on the merits in response to baseless claims of incompetency *but only in cases where evidence of incompetency becomes so manifest as to raise a bona fide doubt.* [emphasis added.]

■ In the case currently before us, appellant's attorney took the witness stand in an attempt to raise the issue of appellant's competency to stand trial. However, we need not decide whether sufficient evidence was presented to have raised a bona fide doubt as to appellant's competency, because the trial judge removed the jury and held a Section 2(b) hearing to determine whether a separate jury should be impaneled to hear the competency issue. Under Art. 46.02 § 4(a), a separate jury is not required to be impaneled to determine the defendant's competency to stand trial unless "... the court determines that there is *evidence to support a finding of incompetency to stand trial....*" Pursuant to the statutory provision in art. 46.02 § 1(a), the test of legal competence to stand trial is "whether the accused has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and has a rational, as well as factual, understanding of the proceedings against him." *Thomas v. State,* 562 S.W.2d 240 (Tex.Cr.App.1978); *Paul v. State,* 544 S.W.2d 668 (Tex.Cr.App. 1976). When this court reviews a trial

court's determination that the evidence is insufficient to require a competency hearing, the applicable standard is whether the trial court abused its discretion. *Garcia v. State,* 595 S.W.2d 538 (Tex.Cr.App.1980).

■ The record indicates that appellant's counsel testified that appellant did not have sufficient presence to be able to consult with his attorney or "a rational knowledge as well as the factual understanding of the proceedings against him." Upon inquiry by the court, appellant's counsel admitted that appellant had been twice examined by a psychiatrist, once within the previous month, and had been twice determined to be competent. Appellant's counsel testified that he had not requested a competency hearing prior to the trial because the psychiatric evidence was against him. The psychiatrist's report which had been filed in the court's records indicated that appellant "... appeared to have an intellectual functioning in the borderline retarded range..." but that he had the "... ability to consult with his attorney in the preparation of his defense..." and that he had "...a rational as well as factual understanding of the proceedings against him...." We conclude that the trial court did not abuse its discretion in finding that the evidence presented at the Section 2(b) hearing was not sufficient to support a finding of incompetency. Therefore, the trial court did not err in failing to impanel a separate jury to determine the issue.

■ Immediately following the Section 2(b) hearing, appellant took the stand and testified in a confused, rambling manner. Appellant's attorney indicates that this testimony was further evidence of appellant's incompetency and argues that a jury should have been impaneled at this time to determine whether appellant was competent to stand trial. However, it is important to view appellant's testimony in light of the previous events. The trial court had just finished conducting a hearing at which appellant was free to present any evidence as to appellant's incompetence to stand trial. Also, appellant's rambling testimony was not new evidence. Prior to holding the

Section 2(b) hearing, the trial court had observed appellant's testimony at the start of the trial. Although there is no doubt that appellant's trial testimony was not entirely clear and lucid, his lawyer was able to elicit answers through patient questioning. The trial judge, who was able to watch appellant's demeanor, was in a better position than we to determine whether appellant was able to understand the proceedings. Appellant's testimony at the start of the trial clearly shows that he was aware that he had been charged with the crime and that he wanted to plead "not guilty." The trial judge, after listening to all of the evidence and all of appellant's testimony, determined at the end of the trial that there was not sufficient evidence to support a finding that appellant was incompetent and stated this conclusion into the record. We therefore conclude that appellant's rambling testimony was not sufficient evidence to require the trial court to either hold a second Section 2(b) hearing or to require the trial judge to impanel a separate jury to determine appellant's competency to stand trial. Appellant's first three grounds of error are overruled.

■ In his fourth point of error, appellant contends that the trial court erred in allowing the jury to separate after the jury had been charged and arguments heard, and the jury had retired to deliberate. The record shows that, while the jury was deliberating on its verdict, the trial court allowed four jurors to leave with the bailiff to move their cars. The trial court instructed all the jurors not to discuss the case until all twelve were back together. Once the four jurors returned, the trial court individually polled each juror to be sure that the lawsuit had not been discussed while the jurors were separated.

Tex.Code Crim.Pro.Ann. art. 35.23 (Vernon 1966), provides in pertinent part:

> When jurors have been sworn in a felony case, the court may, at its discretion, permit the jurors to separate until the court has given its charge to the jury, after which the jury shall be kept together, and not permitted to separate ... until a

verdict has been rendered or the jury finally discharged, unless by permission of the court with the consent of each party.

The law regarding such jury separation was well stated in *McDonald v. State,* 597 S.W.2d 365 (Tex.Cr.App.1980), in which the court wrote:

> Art. 35.23, supra, requires reversal if the jury is allowed to separate without the defendant's personal consent, after the court had given its charge to the jury. *Skillern v. State,* Tex.Cr.App., 559 S.W.2d 828 [1977]. It is the defendant's burden, however, to insure that the record reflects that he did not consent to the separation. *Green v. State,* Tex.Cr.App., 510 S.W.2d 919 [1974]. Once that fact is established, the burden shifts to the State to show that no harm to the defendant occurred as a result of the improper separation. *Skillern v. State,* supra. When the issue is first raised on appeal, the State is denied the opportunity to show no harm resulted. *Green v. State,* supra, at 922. When the issue is timely raised in the trial court, the State is entitled to an opportunity to show that no harm occurred through improper communications or conduct during the erroneous separation. See *Johnson v. State,* Tex.Cr.App., 467 S.W.2d 247.

Appellant specifically objected to the court's allowing the jury to separate and such separation was clearly a violation of Art. 35.23, *supra.* However, each juror, upon being separately polled by the trial court, stated that he or she had not discussed the lawsuit during the separation. Thereby, the state met its burden of showing that "no harm occurred through improper communications or conduct during the erroneous separation."

Appellant argues that the trial court did not go far enough with its inquiry to affirmatively show that no harm resulted from the separation of the jury. Appellant contends that the trial court should have gone further and inquired as to the receipt of other evidence. However, we find that the inquiries of the trial court were suffi-cient to show that no harm occurred. Appellant's fourth ground of error is overruled and the judgment of the trial court is affirmed.