**W.S. BARBER, Appellants,**

v.

**The STATE of Texas, Appellee.**

**No. 6–82–080–CR.**

Court of Appeals of Texas, Texarkana.

Feb. 21, 1984.

Rehearing Denied March 20, 1984.

Rex Houston, Wellborn, Houston, Perry & Adkison, Henderson, L.G. Hawkins, Sapulpa, Okl., for appellants.

R. Clement Dunn, John W. Tunnell, Asst. Dist. Attys., Longview, for appellee.

BLEIL, Justice.

W.S. Barber, B.S. Barber, and Jean Brown appeal their convictions of engaging in organized criminal activity. We find the evidence insufficient to support the convictions and reverse.

Engaging in organized criminal activity is prohibited by Section 71.02, Tex. Penal Code Ann. (Vernon Supp. 1982–1983).[1] It makes participation in combination with others, in a conspiracy to commit or in the commission of certain offenses, criminal conduct. *Combination* means five or more persons who collaborate in carrying on the criminal activity. Section 71.01(a), Tex. Penal Code Ann. (Vernon Supp. 1982–1983). Jean C. Brown, W.S. "Bull" Barber, B.S. "Buddy" Barber, Tommy Bolin, Garvin Richardson, John Wilcox, Bob Cunningham, Jack Clothier, Wade Navarre, and James Breaux were indicted for conspiring and agreeing with each other to commit the offense of theft of crude oil.

Before reading the indictment to the jury, the trial court deleted the names of

1. Section 71.02 provides:

"(a) A person commits an offense if, with the intent to establish, maintain, or participate in a combination or in the profits of a combination, he commits or conspires to commit one or more of the following:

(1) murder, capital murder, arson, aggravated robbery, robbery, burglary, theft, aggravated kidnapping, kidnapping, aggravated assault, or forgery;

(2) any felony gambling offense;

(3) promotion of prostitution, aggravated promotion of prostitution, or compelling prostitution;

(4) unlawful manufacture, transportation, repair, or sale of firearms or prohibited weapons;

(5) unlawful manufacture, delivery, dispensation, or distribution of a controlled substance or dangerous drug, or unlawful possession of a controlled substance or dangerous drug through forgery, fraud, misrepresentation, or deception;

(6) any unlawful wholesale promotion or possession of any obscene material or obscene device with the intent to wholesale promote the same; or

(7) any unlawful employment, authorization, or inducing of a child younger than 17 years of age in an obscene sexual performance.

(b) Except as provided in Subsection (c) of this section, an offense under this section is one category higher than the most serious offense listed in Subdivisions (1) through (7) of Subsection (a) of this section that was committed, and if the most serious offense is a Class A misdemeanor, the offense is a felony of the third degree, except that if the most serious offense is a felony of the first degree, the offense is a felony of the first degree.

(c) Conspiring to commit an offense under this section is of the same degree as the most serious offense listed in Subdivisions (1) through (7) of Subsection (a) of this section that the person conspired to commit."

Tommy Bolin, Garvin Richardson, and Jack Clothier. At the conclusion of the State's case the court granted an instructed verdict regarding John Wilcox and James Breaux. When the jury was instructed concerning the law of the case, only Jean C. Brown, W.S. "Bull" Barber, B.S. "Buddy" Barber, Bob Cunningham, and Wade Navarre were named as having conspired and agreed to commit the offense of theft of crude oil.[2]

■ In reviewing the sufficiency of the evidence, we determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Carlsen v. State*, 654 S.W.2d 444 (Tex.Cr.App.1983); *Acevedo v. State*, 633 S.W.2d 856 (Tex.Cr.App.1982). When we apply this standard to a circumstantial evidence case, we determine whether the evidence excludes all outstanding reasonable hypotheses other than the accused's guilt. *Carlsen v. State*, supra. Because appellants were charged with engaging in organized criminal activity, the evidence must establish beyond a reasonable doubt that appellants collaborated in combination with each other, Bob Cunningham, and Wade Navarre to commit theft of crude oil.

The evidence concerning the Barbers shows that: B.S. Barber asked Clint Garner, a Railroad Commission inspector, about a good time to move the oil; the Barbers and Garner had a conversation in which the Barbers expressed a desire to move some "hot" oil in the East Texas field; B.S. Barber accompanied the truck driver on several of his trips to pick up oil; B.S. Barber did not help load the oil, but waited with other men at the road; B.S. Barber appeared at Buddy Davis' house and asked whether he was late; B.S. Barber is the payee on a check; W.S. Barber ordered telephone service for Creek Terminal Company and requested the billing go to Jean Brown; and various phone calls were made to or from a number registered in the Barbers' names.

The evidence relating to Jean Brown shows that: Jean Brown hired Timothy Jones to drive a truck; she contacted Jones about getting some oil in East Texas; checks were made payable to or signed by Brown; "run tickets" had Brown's name on them; Brown registered at the Community Inn in Kilgore; a woman called the telephone company requesting service for Creek Terminal; Jean Brown ordered the service disconnected; and telephone calls were made to or from a number registered in Brown's name.

The evidence concerning Bob Cunningham shows that he worked for Jean Brown and helped Timothy Jones, a truck driver for Brown, set up some oil tanks. Jones saw Cunningham at a cafe in the presence of the Barbers and Tommy Boland. Also Cunningham was authorized to sign checks for Creek Terminal Company and signed certain "run tickets" on Jean Brown's account.

Regarding Wade Navarre, he was shown to have been introduced to W.S. Barber. Also telephone company records indicated that three calls were made from a phone registered in the name of Jean Brown, d/b/a Creek Terminal Company to a telephone registered in Navarre's name.

■ We find sufficient direct and circumstantial evidence connecting W.S. Barber and B.S. Barber with the theft of crude oil. However, while the evidence may raise a suspicion of guilt of the offense charged, it fails to establish beyond a reasonable doubt that W.S. Barber, B.S. Barber, and Jean Brown participated in a combination with Bob Cunningham and Wade Navarre to commit or conspire to commit theft. Viewing the evidence in the light most favorable to the verdict, we find it insufficient to establish beyond a reasonable doubt that five or more persons collaborated in a combination to commit or conspire to commit theft; the evidence does not

---

**2.** Bob Cunningham and Wade Navarre were found not guilty by the jury and are therefore not parties to this appeal.

exclude every reasonable hypothesis except appellants' guilt.

We reverse the judgment and dismiss the case.