W.S. BARBER, et al., Appellants,

v.

The STATE of Texas, Appellee.

No. 6–82–080–CR.

Court of Appeals of Texas,
Texarkana.

May 31, 1989.

Discretionary Review Granted
Sept. 27, 1989.

**632**

Rex Houston, Wellborn, Houston, Adkison, Mann & Sadler, Henderson and L.G. Hawkins, Sapulpa, Okl., for appellants.

R. Clement Dunn, Asst. Dist. Atty., Longview, for appellee.

## ON REMAND

BLEIL, Justice.

In 1984, after viewing the evidence in the light most favorable to the verdict, we found that the evidence was insufficient to support a conviction. *Barber v. State,* 668 S.W.2d 424 (Tex.App.—Texarkana 1984), *vacated,* 764 S.W.2d 232 (Tex.Crim.App. 1988). The highest court in this state disagreed with our determination that the evidence was insufficient and reversed, remanding the case to us to consider the other points which had been raised on the initial appeal.

As judges on this Court we are sworn to uphold the Constitution of Texas.[1] As well as we could, we exercised our constitutional duty. We weighed all the evidence and found it "insufficient to establish beyond a reasonable doubt that five or more persons collaborated in a combination to commit or conspire to commit theft...." *Barber v. State,* 668 S.W.2d at 425.[2] We did not find that there was "no evidence" to support the conviction or that it was legally insufficient; we found after weighing all the evidence that it was factually insufficient.[3] Tex. Const. art. V, § 6 provides that our decision shall be conclusive on all questions of fact.[4]

Can Texas courts of appeals review and decide issues of factual sufficiency in crimi-

---

1. Tex. Const. art. XVI, § 1 requires that we take an oath which reads, in pertinent part: "I, _____, do solemnly swear (or affirm), that I will faithfully execute the duties of the office of _____ of the State of Texas, and will to the best of my ability preserve, protect, and defend the Constitution and laws of the United States and of this State;...."

2. We exercised our review of factual sufficiency of the evidence under the standards set forth in *Carlsen v. State,* 654 S.W.2d 444 (Tex.Crim.App. 1983), and *Acevedo v. State,* 633 S.W.2d 856 (Tex.Crim.App. [Panel Op.] 1982). *Barber v. State,* 668 S.W.2d 424, 426 (Tex.App.—Texarkana 1984), *vacated,* 764 S.W.2d 232 (Tex.Crim. App.1988).

3. Curiously, the Court of Criminal Appeals, not content with what we found and held, after stating that we had found the evidence insufficient, went on to say that:

   In other words, the Court of Appeals found the evidence insufficient to establish the existence of the underlying combination due to the acquittal of Cunningham and Navarre. Therefore, the question that must be answered is: When a jury is charged that only five actors formed a criminal combination, and those five are tried jointly, can the convictions of any of the defendants stand if one or more is acquitted? We answer that question in the affirmative.

   As noted by Felix Frankfurter, "In law also the right answer usually depends on putting the right question." *Rogers' Estate v. Helvering,* 320 U.S. 410, 64 S.Ct. 172, 88 L.Ed. 134 (1943). We,

   of course, have no disagreement with the Court of Criminal Appeals' answer to the question it posed. That question, which was the launching pad for the higher Court's inquiry, simply did not present itself to us in our factual review of the evidence. The statement by the Court of Criminal Appeals that we found the evidence insufficient "due to the acquittal of Cunningham and Navarre" cannot be fairly deduced from anything said in our opinion. *See Barber v. State,* 668 S.W.2d 424.

4. Tex. Const. art. V, § 6 provides in relevant part:

   The state shall be divided into courts of appeals districts, with each district having a Chief Justice, two or more other Justices, and such other officials as may be provided by law. The Justices shall have the qualifications prescribed for Justices of the Supreme Court. The Court of Appeals may sit in sections as authorized by law. The concurrence of a majority of the judges sitting in a section is necessary to decide a case. Said Court of Appeals shall have appellate jurisdiction coextensive with the limits of their respective districts, which shall extend to all cases of which the District Courts or County Courts have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law. Provided, that the decision of said courts shall be conclusive on all questions of fact brought before them on appeal or error. Said courts shall have such other jurisdiction, original and appellate, as may be prescribed by law.

nal cases? Looking at our constitution and the history of our legal system, and using common sense evokes a resounding affirmative response. The Court of Criminal Appeals has not given this response. As an intermediate appellate court we are bound by the interpretations of the highest court in this state. That Court has commented that, with regard to evidentiary review, the courts of appeals seem rather confused, saying that:

> There appears to be substantial confusion in the Courts of Appeal over the proper standard of review in criminal cases. This is due to their reading of Art. 5, Sec. 6 of the Texas Constitution and a recent decision of this Court, *Combs v. State*, 643 S.W.2d 709 (Tex.Cr. App.1982).

*Van Guilder v. State*, 709 S.W.2d 178, 180 (Tex.Crim.App.1985), *cert. denied*, 476 U.S. 1169, 106 S.Ct. 2891, 90 L.Ed.2d 978 (1986).[5]

In acknowledging that *Combs v. State*, 643 S.W.2d 709 (Tex.Crim.App.1982), has caused some confusion, the Court of Criminal Appeals understates the effect of the *Combs* decision. In that case the Court first looked at the meaning of Article V, § 6 of the Texas Constitution. It said that, "If sufficiency of the evidence is a 'question of fact,' then the decisions of the Court of Appeals on sufficiency questions would appear to be binding on our Court." *Id.*, at 714. Because criminal jurisdiction was new to the courts of appeals, the Court of Criminal Appeals looked to the Supreme Court's interpretation of Article V, § 6. It looked to the leading case of *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 662 (1951). In that case the Supreme Court stated that:

> Article 5, § 6 of the Constitution, Vernon's Ann.St., ... requires the Court of Civil Appeals, upon proper assignment, to consider the fact question of weight and preponderance of all the evidence

and to order or deny a new trial accordingly as to the verdict may thus appear to it clearly unjust or otherwise. This is the meaning given the constitutional phrase "all questions of fact brought before them on appeal or error" of Sec. 6, supra. But for that interpretation there would be no "questions of fact" for the Court of Civil Appeals to determine,....

Then the Court briefly acknowledged a distinction between factual sufficiency and legal sufficiency standards, citing *Glover v. Texas Gen. Indem. Co.*, 619 S.W.2d 400 (Tex.1981); *Stodghill v. Texas Emp. Ins. Ass'n*, 582 S.W.2d 102 (Tex.1979); Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 Tex.L.Rev. 361 (1960).

Turning to criminal cases, the Court looked to *Banks v. State*, 510 S.W.2d 592 (Tex.Crim.App.1974), for state standards for review of factual sufficiency of the evidence and to *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), for federal constitutional standards for review of factual sufficiency. *Banks* was cited for the propositions that, "In reviewing the sufficiency of the evidence to support the conviction, we must view the evidence in the light most favorable to the verdict. In doing so, the verdict will be sustained if there is *any* evidence which, if believed, shows the guilt of the accused." (emphasis added). In other words, the Court in *Banks* established a "no evidence" standard and *Jackson* was said to hold that a review for the sufficiency of the evidence under federal constitutional standards was also a question of law. Thus, the Court held that sufficiency of the evidence to sustain criminal convictions as determined by that Court is a question of law under both state and federal standards. It is not a "question of fact" under Article V, § 6 of the Texas Constitution, the Court said.[6]

---

5. But, Judge Clinton deems the *Van Guilder v. State*, 709 S.W.2d 178 (Tex.Crim.App.1985), *cert. denied*, 476 U.S. 1169, 106 S.Ct. 2891, 90 L.Ed.2d 978 (1986), decision itself to be a major source of confusion. *Hill v. State*, 719 S.W.2d 199, 202 (Tex.Crim.App.1986) (Clinton, J., dissenting).

6. This holding met with sound criticism. *See*, *e.g.*, *Minor v. State*, 653 S.W.2d 349 (Tex.App.— San Antonio 1983) (Cadena, C.J., concurring), *pet. ref'd per curiam*, 657 S.W.2d 811 (Tex.Crim. App.1983), at page 351 where Chief Justice Cadena said, "This holding is based on a clear misinterpretation of Tex. Const. art. V, § 6 (amended 1980, effective September 1, 1981)

If there appeared to be doubt about what was meant in *Combs* concerning a lack of jurisdiction of the courts of appeals to review the evidence for factual sufficiency, the Court in *Van Guilder v. State*, 709 S.W.2d 178, clarified this issue. In addressing review by the intermediate courts for factual sufficiency of the evidence concerning claims by a defendant that an affirmative defense was established, the Court said:

> To allow the court of appeals to evaluate the facts in a criminal case and to reverse based on their individual belief that a jury finding is against the great weight and preponderance of the evidence both misconceives the burden of proof required for criminal convictions and usurps the function of the jury.
>
> . . . .
>
> There must be no reweighing or reclassifying of the evidence by the appellate court.

*Id.*, at 180, 181.

Clear enough. But, if we are prohibited from evaluating the facts or weighing the evidence, what possible meaning can our constitution have when it mandates that our decisions are conclusive on all questions of fact brought before us? This constitutional grant of authority plainly appears to (1) grant the courts of appeals authority to review questions of fact brought to them, and (2) prohibit any other court in the state from interfering with

those courts' exercise of that constitutional duty.[7]

In *Combs v. State*, 643 S.W.2d 709, the Court enunciated that the proper standard for reviewing sufficiency of the evidence claims was that set forth in *Banks v. State*, 510 S.W.2d at 595. That standard was clearly a "no evidence standard." Partly because that was the standard adopted for review of state sufficiency of the evidence questions, the Court of Criminal Appeals held that review of evidentiary issues was a question of law and not "a 'question of fact' under Art. 5, Sec. 6, of the Texas Constitution." 643 S.W.2d at 717. Recently, however, in *Butler v. State*, 769 S.W.2d 234 (Tex.Crim.App.1989), the Court of Criminal Appeals expressly rejected and overruled the part of *Combs* that relied on the "no evidence" language from *Banks*. The Court said that it must "take each case and review the entire body of evidence to determine whether the State has proven beyond a reasonable doubt each and every element of the alleged crime...." Thus, the Court of Criminal Appeals has moved to a standard which is strikingly similar to the standards which have always been used by courts of appeals for review of factual sufficiency questions. Is not this reason enough for a further look at *Combs v. State*, 643 S.W.2d 709, and its holding concerning whether courts of appeals have jurisdiction to pass on fact issues or questions of the weight and preponderance of

(hereinafter referred to as § 6), the constitutional provision defining the jurisdiction of the Court of Appeals." Thereafter follows a scholarly demonstration of the validity of that position. Other courts of appeals have held similar views. See, for example, *Hill v. State*, 718 S.W.2d 751 (Tex.App.—Tyler 1985), *rev'd*, 719 S.W.2d 199 (Tex.Crim.App.1986), *on remand*, 721 S.W.2d 953 (Tex.App.—Tyler 1986, no pet.); *Baker v. State*, 682 S.W.2d 701 (Tex.App.—Houston [1st Dist.] 1984), *rev'd*, 707 S.W.2d 893 (Tex.Crim.App.1986), *on remand*, 728 S.W.2d 869 (Tex.App.—Houston [1st Dist.] 1987, pet ref'd); *Van Guilder v. State*, 674 S.W.2d 915 (Tex.App.—San Antonio 1984), *aff'd*, 709 S.W.2d 178 (Tex.Crim.App.1985), *cert. denied*, 476 U.S. 1169, 106 S.Ct. 2891, 90 L.Ed.2d 978 (1986); *Schuessler v. State*, 647 S.W.2d 742 (Tex.App.—El Paso 1983), *rev'd*, 719 S.W.2d 320 (Tex.Crim.App.1986). See also a discussion concerning this area of appellate review, Keck and Johnson, *Criminal Proce-*

*dure: Trial and Appeal*, 40 Sw.L.J. 583, 674 (1986).

7. Even the Texas Supreme Court does not seem to look with favor upon the authority granted to courts of appeals by Tex. Const. art. V, § 6. The Supreme Court, however, accepts the constitution as binding. In *Pool v. Ford Motor Co.*, 715 S.W.2d 629 (Tex.1986), the Court indicated that some of the intermediate courts' review of factual sufficiency points seemed troublesome, but that nevertheless the constitutional right of such review is clear. In overruling *Pool's* constitutional attack against the court of appeals' exercise of authority to set aside jury findings which are not supported by sufficient evidence, the Court said that, "The right of courts of appeals to review for factual insufficiency must continue undisturbed." *Id.*, at 634.

the evidence pursuant to Article V, § 6 of the Texas Constitution.

In *Gold v. State*, 736 S.W.2d 685, 691 (Tex.Crim.App.1987) (Teague, J., dissenting), an argument was made that the decision concerning the jurisdiction of the appellate courts of this state in reviewing factual matters, as laid down in *Combs*, was based on a flawed premise and that the Court of Criminal Appeals should now revisit *Combs* in light of Article V, § 6 of the Texas Constitution.[8] This matter was again addressed by Judge Teague in *Moreno v. State*, 755 S.W.2d 866, 872 (Tex.Crim. App.1988) (Teague, J., concurring). In *Moreno v. State*, 711 S.W.2d 382 (Tex.App. —Houston [14th Dist.] 1986), *rev'd*, 755 S.W.2d 866 (Tex.Crim.App.1988), the court of appeals had reviewed all of the evidence before it, weighed the facts, and found the evidence insufficient to support the conviction. The Court of Criminal Appeals held that the court of appeals had acted improperly in its review of the factual sufficiency of the evidence. *Moreno v. State*, 755 S.W.2d 866. Coming to the aid of the court of appeals on that issue and in a clear appeal to reason, Judge Teague said this:

> The issues that confront this Court in this cause is (sic) whether the court of appeals had jurisdiction, pursuant to Art. V, § 6, of the Texas Constitution, to pass upon the weight and preponderance of the evidence, and how binding that decision might be on this Court. Those issues remain unresolved. Perhaps a more important issue that should be addressed by this Court is whether this Court's decision of *Combs v. State*, 643 S.W.2d 709 (Tex.Cr.App.1982), where this Court's train got off the track in deciding what jurisdiction the courts of appeals

have in deciding factual issues, and what jurisdiction this Court has to review sufficiency questions once they have been passed on by the Courts of Appeals, should be revisited by this Court.

*Moreno v. State*, 755 S.W.2d at 873.[9] We agree that *Combs*, insofar as it interprets Article V, § 6 of the Texas Constitution, should indeed be revisited without delay.

One of the functions of intermediate courts is to lodge legitimate criticism of existing law. *See* Tex.R.App.P. 90(c)(3). Having written on this question of vital importance to the jurisprudence of this state, to respectfully urge the Court of Criminal Appeals to look anew at its decision in *Combs* in light of Article V, § 6 of the Texas Constitution, we now turn to our review of this appeal to consider matters not previously addressed, because when we determined the evidence to be factually insufficient in our earlier decision, we perceived that all other issues were therefore moot.

The Barbers and Brown claim that the trial court erred in permitting the jury to separate during deliberations without their consent. The court directed the jury to deliberate on this case at about noon on Wednesday, June 29, 1982, and the jury returned its verdict late that afternoon. According to several jurors, the court reporter and the trial court, these acts occurred: at about 3:00 p.m. the jury asked for a break during its deliberations; the trial court allowed thè jury to separate during a break for refreshments; the jury separated and mingled with others in the courthouse, including a reporter and the district attorney; no consent from the defendants or their attorneys was given; after the fifteen to thirty minute break, the

---

**8.** In *Torres v. State*, No. 804–88 (Tex.Crim.App., May 3, 1989) (not yet reported), the Court of Criminal Appeals agreed in part with Judge Teague's dissenting opinion and has expressly disavowed *Gold v. State*, 736 S.W.2d 685 (Tex. Crim.App.1987), in part. However, the Court needs to go further and altogether adopt Judge Teague's position in *Gold*.

**9.** Judge Clinton, in a concurring opinion joined by Judge Duncan, plainly indicated that he is open to the idea that the courts of appeals indeed have constitutional authority to exercise

under Tex. Const. art. V, § 6. *Moreno v. State*, 755 S.W.2d 866, 872 n. 5 (Tex.Crim.App.1988) (Teague, J., concurring). And in *Hill v. State*, 719 S.W.2d at 202, 203, Judge Clinton, in a dissenting opinion joined by then Presiding Judge Onion and Judge McCormick, found no prohibition against an appellate court's reversing a judgment of conviction which is against the great weight and preponderance of the evidence or, in other words, is not supported by sufficient evidence.

jury returned to deliberations; and the jury returned with its verdict about 5:00 p.m.

The prohibition against jury separation during deliberations is one of the most fundamental and ancient legal rules in the English-speaking world and is strictly enforced in order to prevent jury tampering. *Adams v. State,* 765 S.W.2d 479 (Tex.App. —Texarkana 1988, pet. pending); *Reid v. State,* 749 S.W.2d 903 (Tex.App.—Dallas 1988, pet. ref'd); Tex.Code Crim.Proc.Ann. art. 35.23 (Vernon 1989).[10]

. While generally a trial court has discretion to permit juries to separate, once the charge is given, Article 35.23 permits jury separation only with permission of the court and consent of the parties. We are required to reverse if a jury is permitted to separate without the personal consent of the defendant, unless the State successfully rebuts the presumption of harm. *Harris v. State,* 738 S.W.2d 207, 222 (Tex.Crim. App.1986); *McDonald v. State,* 597 S.W.2d 365 (Tex.Crim.App. [Panel Op.] 1980); *Skillern v. State,* 559 S.W.2d 828 (Tex.Crim. App.1977); *Goodall v. State,* 501 S.W.2d 342 (Tex.Crim.App.1973). Although the defendants have the burden to show that they did not consent to the separation, that burden has plainly been met here. Neither the attorneys nor the defendants consented to any jury separation after the jury was retired for deliberations.

After the trial in this case, the defendants moved for a new trial and showed the facts concerning the separation and the lack of consent of the defendant. During that hearing the State called three members of the jury, who testified about what they did during the jury's separation; each indicated a lack of knowledge about what the other individual jurors did. After the presentation of the evidence on the motion for new trial, including the testimony of the three jury members called by the State, the trial court determined that the defendants had failed to show any harm, prejudice or anything else that would have affected the verdict as a result of the jury separation. Of course, the defendants were not required to demonstrate harm. As we have already indicated, reversal is required when the jury is permitted to separate without the consent of a defendant unless the State successfully rebuts the presumption of harm. The State's evidence on the motion for new trial falls woefully short of rebutting a presumption of harm. At best, the State's witnesses established that the three jurors called did not see or hear anything that may have harmed or prejudiced the defendants during deliberations.[11] That type of evidence —"did not see or did not hear" evidence— has been held to be no evidence that no such harm or prejudice occurred. *Harris v. State,* 738 S.W.2d at 222; *Skillern v. State,* 559 S.W.2d at 830. We are compelled to conclude, as the Court did in *Skillern,* that because the State wholly failed to rebut the presumption of harm from violation of the mandatory statute, the violation constituted reversible error.

The State, in reply, does not even argue that it rebutted the presumption of harm. The State's sole argument on this issue is

---

10. Tex.Code Crim.Proc.Ann. art. 35.23 (Vernon 1989), provides as follows:

> The court may adjourn veniremen to any day of the term. When jurors have been sworn in a felony case, the court may, at its discretion, permit the jurors to separate until the court has given its charge to the jury, after which the jury shall be kept together, and not permitted to separate except to the extent of housing female jurors separate and apart from male jurors, until a verdict has been rendered or the jury finally discharged, unless by permission of the court with the consent of each party. Any person who makes known to the jury which party did not consent to separation shall be punished for contempt of court. If such jurors are kept overnight, facilities shall be provided for female jurors separate and apart from the facilities provided for male jurors. In misdemeanor cases the court may, at its discretion, permit the jurors to separate at any time before the verdict. In any case in which the jury is permitted to separate, the court shall first give the jurors proper instructions with regard to their conduct as jurors when so separated.

11. In *O'Neil v. State,* 642 S.W.2d 259 (Tex.App.— Houston [14th Dist.] 1982, no pet.), the State successfully rebutted the presumption of harm. There, *each* juror was called and separately polled by the trial court, and each stated that he had not discussed the case with anyone during an improper jury separation. 642 S.W.2d at 263.

that the record does not sufficiently affirmatively show a lack of consent of the defendants or their attorney. Such an argument is not tenable in light of all the evidence, including that from the court reporter and the trial court. The State's argument that the record is silent concerning the issue of consent in this case is specious at best.

Because the jury was improperly allowed to separate during its deliberations without obtaining consent from the defendants, we are required to hold that reversible error occurred. In light of this holding, the other points raised by the defendants are immaterial and are not treated in this opinion.

The trial court's judgment is reversed and the cause is remanded for a new trial.