# IN THE COURT OF APPEALS OF TENNESSEE
## WESTERN SECTION AT JACKSON

GINA FRANKLIN, et al,

Plaintiffs/Appellants,

VS.

ALLIED SIGNAL, INC.,

Defendant/Appellee.

)
)
)
)
)
)
)
)
)
)

Madison Circuit No. C-94-207

Appeal No. 02A01-9704-CV-00088

**FILED**

**February 6, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

## APPEAL FROM THE CIRCUIT COURT OF MADISON COUNTY
## AT JACKSON, TENNESSEE
## THE HONORABLE WHIT LAFON, JUDGE

**THOMAS K. McALEXANDER**
**HILL BOREN, P.C.**
Jackson, Tennessee
Attorney for Appellant

**JEFFREY L. LAY**
**FARMER, JONES, HAMILTON & LAY**
Dyersburg, Tennessee
Attorney for Appellee

**REVERSED AND REMANDED**

**ALAN E. HIGHERS, J.**

**CONCUR:**

**DAVID R. FARMER, J.**

**HOLLY KIRBY LILLARD, J.**

This appeal involves a suit filed by plaintiffs, Gina ("Mrs. Franklin") and Barnee

Franklin ("the Franklins"), against defendant, Allied Signal, Inc. ("Allied"), for personal injuries sustained when Mrs. Franklin tripped and fell on Allied's premises on a metal loading ramp which protruded above the dock floor by one to two inches. The trial court granted Allied's motion for summary judgment. The Franklins appeal and pose the following issues for our consideration: (1) whether the trial court committed error in granting the defendant's motion for summary judgment; and (2) whether the "open and obvious rule" bars plaintiff's recovery or is only a factor to be considered in assessing comparative negligence. For reasons stated hereafter, we reverse the judgment of the trial court and remand.

**Facts and Procedural History**

During the summer of 1993, Mrs. Franklin worked for Joe's Delivery Service. Mrs. Franklin would pick up and deliver packages from various businesses. As a part of her job, Mrs. Franklin would pick up packages at Allied each day at approximately 5:00 p.m. Mrs. Franklin would back her truck up to Allied's docks, walk up a flight of stairs into Allied's dock area, find the packages that she was to pick up at a designated area (usually on a table or on the floor between the first two loadings dock doors), move the packages to the loading dock door where she had her truck parked, descend down the same stairs and load the packages from the dock into her truck.

On the dock at Allied, there is a metal loading ramp that serves as a bridge between tractor-trailers and the dock in order to accommodate fork lifts and other wheeled equipment used when loading and unloading trailers. These loading ramps are powered hydraulically whereby would they raise up and extend onto the trailers. While not in use, these loading ramps were usually flush with the dock floor.

At approximately 5:00 p.m. on July 20, 1993, Mrs. Franklin arrived at Allied's loading dock. Mrs. Franklin ascended up the stairs and into the dock area. She took two steps to her left on the concrete dock floor, intending to cross the metal loading ramp to the place where her packages were usually located. On her second step, Mrs. Franklin's left toes

2

encountered the edge of the loading ramp which was allegedly extending above the dock floor by one to two inches, thus, precipitating her fall.

Allied contends that it was in no way negligent and that the loading ramp was flush with the floor. Alternatively, Allied asserts that even if it were negligent and the loading ramp did extend one to two inches above the floor, Mrs. Franklin's negligence in not exercising ordinary care in avoiding the loading ramp is greater than or equal to the negligence of Allied thereby barring her recovery under the scheme of comparative fault.

There seems to be some dispute as to whether Mrs. Franklin had seen the loading ramps when they were one to two inches above the floor prior to July 20, 1993. Allied asserts that Mrs. Franklin had been in the dock area before and had seen the loading ramps when they "were not let down all the way flush with the floor." Counsel for Mrs. Franklin contends, however, that Mrs. Franklin had never had any problems with the dock floor prior to this incident and had never seen the loading ramps when they were not flush with the floor.

Furthermore, Allied asserts that Mrs. Franklin did not look to see if the loading ramp was flush with the floor at the time of her accident. Allied contends that there was nothing keeping Mrs. Franklin from seeing the fact the loading ramp was protruding one to two inches above the floor.

On July 19, 1994, Mrs. Franklin filed a complaint in the Circuit Court for Madison County, Tennessee, for personal injuries sustained when she fell at Allied on July 20, 1993. Allied then filed an answer to the complaint denying any negligence and asserting various affirmative defenses.

The discovery deposition of Mrs. Franklin was taken on May 3, 1995. Additionally, the depositions of witnesses Bradley Moore, Nina Teresa Williams, Jeffrey Pearman and James T. Vincent were taken on February 8, 1996.

3

Thereafter, on April 8, 1996, Allied filed a motion for summary judgment along with supporting memorandum of points and legal authorities. Plaintiffs filed a response to the motion for summary judgment along with supporting memorandum on June 18, 1996. The trial court entered an order granting Allied's motion for summary judgment along with findings of fact on August 5, 1996. In its findings of fact, the trial court stated several bases for granting Allied's motion for summary judgment: (1) there was no genuine issue of material fact of any defect in the dock plate or metal ramp or that the dock plate was not working as it was designed to work; (2) there was no reasonably foreseeable probability of any such injury on the part of the defendant; (3) Mrs. Franklin had equal knowledge with Allied concerning the metal loading ramps; (4) the metal ramp was open and obvious and in plain view of Mrs. Franklin, and there was nothing to obstruct her view of the ramp; and (5) if there was negligence on the part of Allied, reasonable minds could not differ in finding that the negligence of Mrs. Franklin would be at least as great or greater than any of the negligence on the part of Allied.

The Franklins filed a motion to alter or amend judgment on August 26, 1996, along with a supporting memorandum. Allied filed a response to the Franklins' motion to alter or amend on September 25, 1996. The trial court denied the motion to alter or amend by an order which was filed January 15, 1997. This appeal ensued.

## Law and Discussion

Ordinarily, when we review a finding of fact by the trial court, we must conduct our review *de novo* upon the record accompanied by a presumption of correctness, and we may reverse only if the evidence preponderates against the findings of the trial court. T.R.A.P. 13(d). This same presumption, however, does not exist with regard to the trial court's legal determinations. *Prost v. City of Clarksville*, 668 S.W.2d 425, 427 (Tenn. 1985). In appeals from grants of summary judgment, this court must decide whether the court below correctly applied Rule 56.03 and in so doing, this court must make an entirely fresh determination because only questions of law are presented; no presumption of correctness accompanies the trial court's decision. *Hill v. Chattanooga*, 533 S.W.2d 311

4

(Tenn. Ct. App. 1975). In this case, the trial court granted Allied's motion for summary judgment. Thus, on appeal, this court must review the findings of the trial court *de novo* without the accompanying presumption of correctness.

As a general rule, negligence cases are not amenable to disposition under Tennessee Rule of Civil Procedure 56 summary judgment proceedings unless, from all of the facts together with the inferences to be drawn from the facts, the facts and inferences are so certain, and uncontroverted that reasonable minds must agree. *Bowman v. Henard*, 547 S.W.2d 527, 528 (Tenn. 1977); *Keene v. Cracker Barrel Old Country Store*, 853 S.W.2d 501, 502-03 (Tenn. Ct. App. 1992).

The Supreme Court, in discussing duties of the trial court when a summary judgment is sought pursuant to Tenn. R. Civ. P. 56 said:

> Where there does exist a dispute as to facts which are deemed material by the trial court, however, or where there is uncertainty as to whether there may be such a dispute, the duty of the trial court is clear. He is to overrule any motion for summary judgment in such cases because summary judgment proceedings are not in any sense to be viewed as a substitute for a trial of disputed factual issues.

*Evco Corporation v. Ross*, 528 S.W.2d 20, 25 (Tenn. 1975).

This court in *Taylor v. Nashville Banner Pub. Co.*, 573, S.W.2d 476 (Tenn. Ct. App. 1978), further observed:

> The party who moves for summary judgment has the burden of showing that no genuine issue of material facts exists, and in ruling on the motion the court must view the record in the light most favorable to the motion's opponent.

*Id.* at 480.

In negligence cases, summary judgment is appropriate only when the inferences which may be drawn from the uncontroverted facts are so certain that all reasonable persons must agree on them. *Brookins v. The Round Table, Inc.*, 624 S.W.2d 547 (Tenn. 1981). Conversely stated, if the facts are uncontroverted, summary judgment is inappropriate if reasonable minds could differ as to the inferences to be drawn therefrom.

5

*Prescott v. Adams*, 627 S.W.2d 134 (Tenn. Ct. App. 1981); *Wolfe v. Hart*, 679 S.W.2d 455, 457 (Tenn. Ct. App. 1984).

In a negligence case, the plaintiff has the burden of proving (1) that the defendant owed the plaintiff a duty; (2) that the defendant breached that duty; (3) that defendant's breach was the proximate cause of plaintiff's injuries; and (4) that the plaintiff was injured as a result of the breach of the duty. *Benson v. H.G. Hill Stores, Inc.*, 699 S.W.2d 560, 562 (Tenn. Ct. App. 1985).

As mentioned above, Allied contends that they were not negligent and that the particular loading ramp in question was flush with the floor. In the instant case, it is uncontroverted that Mrs. Franklin was lawfully on Allied's premises within the dock area and that she was entitled to the care and duty imposed upon Allied by the law of this state. Along these lines, Jeffrey Pearman, an employee of Allied, stated in his deposition:

> Question: Have you ever seen a time when those dock plates, when a truck wasn't at the dock being loaded when those dock plates extended above the floor an inch or two?
>
> Answer: Yes, I have.
>
> Question: Whose responsibility is it to make sure those dock plates are raised and lowered properly?
>
> Answer: Myself.

The question for the finder of fact to determine in this case was whether Allied breached its duty to Mrs. Franklin thereby causing her injury. There is a genuine dispute as to whether Allied breached its duty to Mrs. Franklin by allowing the loading ramp to protrude one to two inches above the floor. Allied maintains that the loading ramp was flush with the floor. Mrs. Franklin insists that the loading ramp was one to two inches above the floor. We conclude that this is a disputed material fact and render summary judgment inappropriate.

Alternatively, Allied states that if it were negligent, Mrs. Franklin's negligence was greater than or equal to that of themselves. Concerning the latter, Allied contends that the loading ramp was an "open and obvious" danger that Mrs. Franklin confronted at her own

6

peril. Along these lines, Allied argues that whether this court views "open and obvious" as a complete bar or just a factor under comparative negligence is of no consequence. Allied insists that the trial court was correct in granting summary judgment in its favor because reasonable minds could not differ in finding that the negligence of Mrs. Franklin was greater than or equal to that of Allied's, thus, barring her recovery under the scheme of comparative negligence. The trial court agreed. We do not.

Whether the protrusion of the loading ramp was a danger that was "open and obvious" is sharply debated. In her deposition, Mrs. Franklin states that on July 20, 1993, she did not notice any problem with the loading ramp until she caught her foot on the edge of said ramp. There is also some dispute as to whether Mrs. Franklin had ever seen the loading ramps extending above the floor one to two inches. When counsel for Allied asked Mrs. Franklin:

> Question: Had you ever noticed any problem with any of the loading ramps -- metal loading ramps at Allied Signal before July 20, 1993?
>
> Answer: I had never paid any attention to the other ones.
>
> Question: Well, had you ever noticed any defect or any problem in any of the loading ramps?
>
> Answer: I had been in there before when they had not been let down all the way.

Allied interprets the above to mean that Mrs. Franklin had seen the loading ramps when they were in the condition prior to her fall, one to two inches above the floor. Counsel for Mrs. Franklin, however, interprets this statement to mean that Mrs. Franklin had seen the

loading ramps when they were in use and not flush with the floor. Even if Mrs. Franklin had been present in the dock area in the past and had seen the loading ramps when they were one to two inches above the floor prior to July 20, 1993, this does not make the danger "open and obvious." There is no evidence that Mrs. Franklin saw this particular loading ramp one to two inches above the floor on this particular day. This is a genuine issue of material fact not appropriate for a summary judgment.

Moreover, we find it interesting and imperative to note that three of Allied's employees failed to notice whether or not the loading ramp was raised ever so slightly on the day in question. Particularly, Nina Theresa Williams testified in her deposition:

> Question: At the time she fell can you tell us whether or not the ramp was extended even an inch or two above the concrete floor?
>
> Answer: No.
>
> Question: It was not, or you don't know?
>
> Answer: I don't know.

James T. Vincent testified:

> Question: Have you ever seen one after the truck makes his delivery and loads and then leaves, have you ever seen one of the ramp plates be above the floor an inch or two?
>
> Answer: If I have, I haven't paid enough attention to draw my attention to it.

Finally, Jeffrey Pearman testified:

> Question: The day that this happened do you remember checking the ramp that was at the UPS loading dock to see whether it was flat with the floor or raised up any?
>
> Answer: I think it was flat because the door was up. I think it was kind of hot that day. The door was up, and I didn't notice it being raised up or nothing like that.
>
> Question: Do you remember actually checking it that day to see whether it was flat with the floor?
>
> Answer: No, I don't remember checking it.

If the level of the loading ramp was not "open and obvious" to three of Allied's employees who worked in the dock area most of the day, we are not persuaded that was necessarily "open and obvious" to Mrs. Franklin. Whether Mrs. Franklin should have seen and avoided the raised loading ramp in the dock area is ordinarily a question for jury. *Strawn v. SCOA Industries, Inc.*, 804 S.W.2d 80 (Tenn. Ct. App. 1990). This issue may be removed from the jury only in such cases where the facts are established by evidence free from conflict and would support only one inference. The evidence here does not qualify by the foregoing standard.

In the case before us, we cannot say that the facts lead only to an inference that

8

Mrs. Franklin would have seen the raised level of the loading ramp if she had been exercising ordinary care. The differences in testimony of the various deponents leave the picture as to what the state of affairs was on July 20, 1993, unclear at best. This matter is best left to be fully developed at trial and for the finder of fact to decide how easily the raised ramp could have been seen. We conclude there is a genuine issue of material fact as to whether or not the protruding loading ramp was an "open and obvious" danger.

Taking the facts and the inferences to be drawn from them in the best light so far as Mrs. Franklin is concerned and disregarding all else, we are of the opinion that the reasonable inferences to be drawn from these facts are not so certain that all reasonable persons must agree on them. Accordingly, summary judgment is inappropriate.[1]

In light of the foregoing, the judgment of the trial court granting Allied's motion for summary judgment is reversed, and this is matter remanded for further proceedings necessary and consistent with this opinion. Costs of this appeal are taxed to Allied, for which execution may issue if necessary.

_____
HIGHERS, J.

CONCUR:

_____

[1] In light of the foregoing disposition of the main issue in this cause, namely, whether the trial court erred in granting Allied's motion for summary judgment, we do not find it necessary to address the remaining issue raised by the Franklins because said issue has been pretermitted.

9

_____
FARMER, J.


_____
LILLARD, J.