

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

## No. 06-08-00036-CR

_____


LEROY ALFORD, Appellant

V.

THE STATE OF TEXAS, Appellee


On Appeal from the 124th Judicial District Court
Gregg County, Texas
Trial Court No. 36091-B


Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Carter

MEMORANDUM OPINION

Leroy Alford appeals from his conviction by a jury for driving while intoxicated, subsequent offense. The jury assessed punishment at six years' imprisonment. In a single contention of error, Alford argues that the trial court committed reversible error by allowing the jury to separate after being charged on guilt/innocence and hearing closing arguments—but before beginning its deliberations.

The contention is based on Article 35.23 of the Texas Code of Criminal Procedure. It reads in its entirety as follows:

**Art. 35.23.    Jurors may separate**

The court may adjourn veniremen to any day of the term. When jurors have been sworn in a felony case, the court may, at its discretion, permit the jurors to separate until the court has given its charge to the jury. *The court on its own motion may and on the motion of either party shall, after having given its charge to the jury, order that the jury not be allowed to separate*, after which the jury shall be kept together, and not permitted to separate except to the extent of housing female jurors separate and apart from male jurors, until a verdict has been rendered or the jury finally discharged. Any person who makes known to the jury which party made the motion not to allow separation of the jury shall be punished for contempt of court. If such jurors are kept overnight, facilities shall be provided for female jurors separate and apart from the facilities provided for male jurors. In misdemeanor cases the court may, at its discretion, permit the jurors to separate at any time before the verdict. In any case in which the jury is permitted to separate, the court shall first give the jurors proper instructions with regard to their conduct as jurors when so separated.

TEX. CODE CRIM. PROC. ANN. art. 35.23 (Vernon 2006) (emphasis added).

2

The record indicates that the trial court allowed the jury to break after the charge was read so that the jurors could eat lunch. In this case, there was no objection about the separation. Thus, this claim of error was not preserved for appellate review. *See* TEX. R. APP. P. 33.1.

Further, the record also shows that counsel made no motion as set out by the Code to prevent the jury from separating after the charge was given. Thus, the nonseparation requirement of the Code was not activated by request, and there was no impediment to the court's decision to allow the jury to separate for lunch.

We recognize that, in 1989, in *Barber v. State*, 773 S.W.2d 631 (Tex. App.—Texarkana 1989), *aff'd*, 802 S.W.2d 696 (Tex. Crim. App. 1991), we found error because a court had allowed a jury to separate after the charge. The Legislature amended the relevant language of the statute that same year. It changed the language from requiring the jury to be kept together after charged "unless by permission of the court with the consent of each party"[1] to the current language stating that the court must, *on request of a party*, not allow the jury to separate after the charge is given. TEX. CODE CRIM. PROC. ANN. art. 35.23. Since 1989, the law has not forbidden the separation of jurors after the court reads the charge unless the court or a party makes a motion to sequester the jury or a party timely objects to separation. *Sanchez v. State*, 906 S.W.2d 176, 177 (Tex. App.—Fort Worth 1995, pet. dism'd & pet. ref'd [2 pets.]). No such motion or objection was made here and, consequently, there was no error committed by allowing the jury to separate.

---

[1]Act of May 20, 1989, 71st Leg., R.S., ch. 825, § 1, 1989 Tex. Gen. Laws 3783.

3

We affirm the judgment of the trial court.


Jack Carter
Justice

Date Submitted:     November 17, 2008
Date Decided:       November 18, 2008

Do Not Publish