In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00036-CR


______________________________




LEROY ALFORD, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 124th Judicial District Court


Gregg County, Texas


Trial Court No. 36091-B




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Leroy Alford appeals from his conviction by a jury for driving while intoxicated, subsequent
offense. The jury assessed punishment at six years' imprisonment. In a single contention of error,
Alford argues that the trial court committed reversible error by allowing the jury to separate after
being charged on guilt/innocence and hearing closing arguments--but before beginning its
deliberations.

 The contention is based on Article 35.23 of the Texas Code of Criminal Procedure. It reads
in its entirety as follows:

 Art. 35.23. Jurors may separate


 The court may adjourn veniremen to any day of the term. When jurors have
been sworn in a felony case, the court may, at its discretion, permit the jurors to
separate until the court has given its charge to the jury. The court on its own motion
may and on the motion of either party shall, after having given its charge to the jury,
order that the jury not be allowed to separate, after which the jury shall be kept
together, and not permitted to separate except to the extent of housing female jurors
separate and apart from male jurors, until a verdict has been rendered or the jury
finally discharged. Any person who makes known to the jury which party made the
motion not to allow separation of the jury shall be punished for contempt of court. 
If such jurors are kept overnight, facilities shall be provided for female jurors
separate and apart from the facilities provided for male jurors. In misdemeanor cases
the court may, at its discretion, permit the jurors to separate at any time before the
verdict. In any case in which the jury is permitted to separate, the court shall first
give the jurors proper instructions with regard to their conduct as jurors when so
separated.


Tex. Code Crim. Proc. Ann. art. 35.23 (Vernon 2006) (emphasis added). 


 The record indicates that the trial court allowed the jury to break after the charge was read
so that the jurors could eat lunch. In this case, there was no objection about the separation. Thus,
this claim of error was not preserved for appellate review. See Tex. R. App. P. 33.1.

 Further, the record also shows that counsel made no motion as set out by the Code to prevent
the jury from separating after the charge was given. Thus, the nonseparation requirement of the
Code was not activated by request, and there was no impediment to the court's decision to allow the
jury to separate for lunch.

 We recognize that, in 1989, in Barber v. State, 773 S.W.2d 631 (Tex. App.--Texarkana
1989), aff'd, 802 S.W.2d 696 (Tex. Crim. App. 1991), we found error because a court had allowed
a jury to separate after the charge. The Legislature amended the relevant language of the statute that
same year. It changed the language from requiring the jury to be kept together after charged "unless
by permission of the court with the consent of each party" (1) to the current language stating that the
court must, on request of a party, not allow the jury to separate after the charge is given. Tex. Code
Crim. Proc. Ann. art. 35.23. Since 1989, the law has not forbidden the separation of jurors after
the court reads the charge unless the court or a party makes a motion to sequester the jury or a party
timely objects to separation. Sanchez v. State, 906 S.W.2d 176, 177 (Tex. App.--Fort Worth 1995,
pet. dism'd & pet. ref'd [2 pets.]). No such motion or objection was made here and, consequently,
there was no error committed by allowing the jury to separate. 

 We affirm the judgment of the trial court. 



 Jack Carter

 Justice


Date Submitted: November 17, 2008

Date Decided: November 18, 2008


Do Not Publish

1. Act of May 20, 1989, 71st Leg., R.S., ch. 825, § 1, 1989 Tex. Gen. Laws 3783.